696 A.2d 1158

**Koleen SHORT, Respondent,**

**v.**

**BOROUGH OF LAWRENCEVILLE, Petitioner.**

Supreme Court of Pennsylvania.

June 17, 1997.

266

## ORDER

PER CURIAM.

The Petition for Allowance of Appeal is GRANTED. The Commonwealth Court held that respondent was entitled to a hearing on her dismissal as secretary/treasurer of the Borough of Lawrenceville ("Borough") pursuant to the Local Agency Law, 2 Pa.C.S. § 553, because it wanted to hold the Borough to its personnel manual since respondent relied on the terms of the personnel manual that contained a provision for "due process" in connection with the dismissal of any municipal employee.

■ Under the Local Agency Law, "[n]o adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and opportunity to be heard." 2 Pa.C.S. § 553. An adjudication is defined in relevant part as, "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceedings in which the adjudication is made." 2 Pa.C.S. § 101. Thus, a local agency employee only has the right to a hearing pursuant to Local Agency Law where she can establish that her dismissal affected a personal or property right.

■ A local agency employee has a personal or property right in her employment where she can establish a legitimate expectation of continued employment through either a contract or statute. *Werner v. Zazyczny*, 545 Pa. 570, 681 A.2d 1331, 1336 (1996). Also, Commonwealth authorities and agencies do not have the power to enter into contracts of employment that contract away the right of summary dismissal since the power to confer tenure must be expressly set forth in the enabling legislation. *Stumpp v. Stroudsburg Municipal Authority*, 540 Pa. 391, 658 A.2d 333, 334–35 (1995). Moreover, an employee handbook or personnel manual issued by a Commonwealth agency is not a legislative action in itself and cannot be considered a contract guaranteeing a property right in employment unless the legislature has so provided. *Imdorf*

*v. Public School Employes' Retirement System,* 162 Pa. Commw. 367, 638 A.2d 502, 505 (1994).

█ Here, no statute exists which would guarantee respondent continued employment as secretary/treasurer of the Borough. Also, the Borough's personnel manual cannot contract away the right of summary dismissal. The Commonwealth Court, however, still believed that respondent was entitled to a hearing since it wanted to hold the Borough to its personnel manual because of respondent's reliance on the terms of the personnel manual. In essence, the Commonwealth Court made an equitable estoppel argument. This Court, however, has rejected equitable estoppel as an exception to the at-will employment rule. *See Stumpp,* 658 A.2d at 336. As such, the Commonwealth Court erred in affirming the order compelling the Borough to hold a hearing on respondent's dismissal. The order of the Commonwealth Court is therefore REVERSED and the matter is remanded for consideration of any other issues raised by petition which were not previously addressed.