**Ray A. NEARHOOD, Appellant,**

**v.**

**CITY OF ALTOONA; the Council of the City of Altoona and the Councilmen and Councilwomen of the City of Altoona; individually, and as members of the City Council; Raphael Voltz, II, Mayor; Regina Reighard, Vice-Mayor; Mark Geis; Robert Mitchell; Dennis Hallinan and Herbert Wilson.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1997.

Decided Jan. 14, 1998.

**1364**

George R. Hludzik, Drums, for appellant.

David P. Andrews, Altoona, for appellees.

1. Section 822 was repealed and recodified by Section 1 of the Act of December 19, 1996, P.L. 1158. It is now found at Section 3060 of the General Local Government Code, Home Rule Charter and Optional Plans Law subpart, 53 Pa. C.S. § 3060.

2. Nearhood initially filed a complaint averring that the Council had not complied with Section

Before FRIEDMAN and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Ray A. Nearhood appeals a Blair County Common Pleas Court order dismissing his appeal with respect to the procedural actions of the City Council of Altoona (Council) in terminating his employment as city manager.

This case arises from the following circumstances. Nearhood was hired as city manager in March 1995 pursuant to an employment contract. The contract provided that "[n]othing in this Agreement shall prevent, limit, or otherwise interfere with the right of the City to terminate the services of the Manager any time, subject to the provisions of the Optional Plans Law...." *See, e.g.,* Section 822 of the Home Rule Charter and Optional Plans Law, Act of April 13, 1972, No. 62, 53 P.S. § 1–822 (Section 822).[1] The parties also agreed that any dispute with respect to the contract would be referred to arbitration.

In July 1996, the Council considered removing Nearhood from his position based on certain alleged violations of law. After Nearhood was denied injunctive relief,[2] the Council held a hearing on September 24, 1996. The Council informed him several days later that it had terminated his employment following a vote of 6 to 1.

Nearhood subsequently filed a notice of appeal with the trial court, claiming that he had not been afforded procedural rights and a proper adjudication under the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754. He sought to invalidate the termination, to have the case remanded to the Council for findings and conclusions of law, and to be made whole as to his wages and benefits.

The Council filed preliminary objections, asserting lack of subject matter jurisdiction in that the Local Agency Law was not ap-

822 and the Sunshine Act, Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286.. We recently affirmed the trial court's decision dismissing the complaint. *See Nearhood v. Altoona,* 701 A.2d 1010 (No. 3472 C.D.1996, filed October 31, 1997). We reviewed the factual history of Nearhood's termination in detail and denied Nearhood's appeal based on the trial court's opinion. *Id.*

plicable because Nearhood was an at-will employee, without a property interest in continued employment, and thus there was no appealable "adjudication" under that statute. In opposition, claiming he was not an at-will employee and so did have the requisite property interest, Nearhood pointed to Section 822, which provides in relevant part:

The municipal manager shall be appointed for an indefinite term, and may be removed by a majority vote of the council. At least thirty days before such removal shall become effective, the council shall notify the municipal manager of its decision to remove him from office, by a majority vote of its members, stating the reasons for his removal. The municipal manager may reply in writing and may request a public hearing, which shall be held not earlier than twenty days nor later than thirty days after the filing of such request. After such public hearing, if one be requested, and after full consideration, the council by majority vote of its members may adopt a final resolution of removal. . . .

53 P.S. § 1–822 (recodified at 53 Pa.C.S. § 3060).

The trial court reviewed the language of this section and determined it did not support Nearhood's appeal. The court said that, as is practically and politically sensible, Section 822 permits a majority of a municipal council to terminate a municipal manager's employment at will, without just cause, and that the guarantees in the section are meant only to allow the manager an opportunity to publicize the council's intention to terminate his or her employment. For these reasons, the court agreed with the Council that Nearhood was an at-will employee and stated his claims of procedural impropriety should instead be addressed in arbitration. Nearhood now appeals to this Court.

Nearhood contends here that the trial court erred in not considering his allegations of procedural due process violations as to his termination. He reasons that his employment termination was an adjudication, subject to protections due under the Local Agency Law, because he was a public employee with statutory guarantees of procedural due process. He does not dispute that there

generally is no "adjudication" when an at-will employee is fired, but argues that Section 822 by its very terms shows he was not an at-will employee, and thus confers upon him a property right invoking the protections of the Local Agency Law. Nearhood acknowledges that many public employees are at-will and, therefore, under well settled law, do not have property rights in their positions, but claims he is not such a "typical" employee given the language of Section 822 and the public nature of his removal. He asserts that it would be absurd if a municipality could terminate a municipal manager's employment for no reason. According to Nearhood, Section 822 ensures a city manager can be removed from office only if a city council makes a preliminary, private vote to remove him; if it gives him notice of the decision *and the reasons for the removal;* if the manager is afforded the opportunity to demand a public hearing; if the council holds such a hearing; and if the council then fully considers the evidence and takes a final vote on removing him. Nearhood concludes it was for the trial court, not an arbitrator, to decide his claim that four of these procedural requirements were not met.

The Council replies that Nearhood's removal was not an adjudication and thus was not appealable to the trial court under the Local Agency Law. It notes that the Local Agency Law defines an adjudication as a final order affecting personal or property rights, and maintains that Nearhood has no such rights here. The Council submits that Section 822 clearly does not provide a legitimate expectation of continued employment sufficient to trigger the provisions of the Local Agency Law. It reiterates the trial court's conclusion that the express terms of Section 822 confirm a manager can be removed whenever a majority of council wishes, and contain no support for Nearhood's position that a manager is entitled to continue in employment indefinitely unless discharged for good cause or reason. The Council also says that there is no legislative intent supporting Nearhood's position; indeed, the Council states, it would be absurd and contrary to political common sense if a council elected for four years could bind future councils to a particular manager. Last,

the Council refers us to a number of cases showing a lack of property interest in public employment and notes the corresponding lack of pertinent authority cited by Nearhood.

■■■■ We agree with the Council that the trial court did not err. Nearhood's interpretation of Section 822 does not comport with the plain language of that section, which simply does not guarantee a municipal manager's tenure. Section 822 essentially permits a termination of a manager's employment whenever a majority of a municipal council chooses. It does not, as the trial court pointed out, restrict a termination to one based only on "good" reasons or just cause.[3] Although Section 822 provides the right to a public hearing, it does not guarantee the right to or create the expectation of continued employment. Moreover, Nearhood has failed to address the trial court's refutation of his position as one that is not pragmatically or politically logical.

Nearhood therefore has not shown that he had a clear statutory right to continued employment, rendering his dismissal an appealable adjudication. He has not demonstrated that the following well established propositions, which he recognizes, are inapplicable to his case or otherwise permit us to sustain his appeal:

> Under the Local Agency Law, "[n]o adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and opportunity to be heard." 2 Pa.C.S. § 553. An adjudication is defined in relevant part as, "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceedings in which the adjudication is made." 2 Pa.C.S. § 101. Thus, a local agency employee only has the right to a hearing pursuant to Local Agency Law where she can establish that her dismissal affected a personal or property right.
>
> A local agency employee has a personal or property right in her employment where

she can establish a legitimate expectation of continued employment through either a contract or statute. Werner v. Zazyczny, 545 Pa. 570, 681 A.2d 1331, 1336 (1996)....[T]he power to confer tenure must be expressly set forth in the enabling legislation....*Here, no statute exists which would guarantee respondent continued employment* as secretary/treasurer of the Borough....As such, the Commonwealth Court erred in affirming the order compelling the Borough to hold a hearing on respondent's dismissal.

*Short v. Lawrenceville,* 548 Pa. 265, 267–68, 696 A.2d 1158, 1159 (1997) (emphasis added).

Similarly, the following rationale from another decision of our Supreme Court is equally applicable here:

> The question in this appeal is whether appellee....as a public employee....has the right to notice and a hearing as a result of his dismissal. Because we find that the Commonwealth Court erred in determining that Appellee had a "property right" in his employment, we reverse.
>
> .    .    .    .    .
>
> Appellee filed a request for review of the Authority's decision, characterizing the decision to terminate as a "local agency adjudication" [entitling him to notice and hearing prior to termination]. The Authority then filed preliminary objections....asserting lack of subject matter jurisdiction [because]....Appellee's termination was not an "adjudication" as defined by Local Agency Law, 2 Pa.C.S. § 101....The Authority argued that Appellee's termination was not an adjudication because Appellee was an at-will employee and therefore had no property interest or right in continued employment....As this Court stated in *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960):
>
> > Without more, an appointed public employee takes his job subject to the possibility of summary removal by the employing authority. He is essentially an employee-at-will....

---

**3.** Of course, a council's termination decision, like any decision of a public body, may ultimately be

subject to scrutiny by the public it serves.

Tenure in public employment, in the sense of having a claim to employment which precludes dismissal on a summary basis is, where it exists, a matter of legislative grace....

[W]here the legislature has intended that tenure should attach to public employment, it has been very explicit in so stating....

402 Pa. at 151–157, 166 A.2d at 280–282....

*Stumpp v. Stroudsburg Municipal Authority*, 540 Pa. 391, 392–395, 658 A.2d 333, 333–335 (1995).

Thus, in light of the foregoing authority and the evident absence of a property right in employment conferred by Section 822 or otherwise, we accept the trial court's carefully considered decision and reject Nearhood's primary contention.

■ Nearhood nevertheless raises a novel argument in maintaining that his appeal to the trial court under the Local Agency Law is still viable. He contends that, even accepting the conclusion we have just reached, his termination was nonetheless an adjudication, subject to statutory procedural requirements, because public accusations were made against him and the termination adversely affected his reputation. He submits that, regardless of whether he has a property right in continued employment, he has constitutionally protected "liberty" interests in his public reputation and ability to gain future employment, such rights were implicated by the *public* allegations against him in his *public* removal, and thus his removal was an adjudication invoking due process protections.

The Council calls this liberty interest argument completely unsupported and one that would result in a property interest in every termination of an employee by a municipal council, since all terminations must be made at public meetings. It also claims the argument is waived because it was not previously raised.

We agree that the record shows Nearhood's position before the trial court, unlike that advanced here, consisted almost entirely of his contention that Section 822 conferred a property right, with only a passing mention of a "liberty interest" and "personal rights."

In any event, we also agree that Nearhood has not presented any authority holding that an adjudication is rendered, and that a public employee should be afforded an action before a trial court under the Local Agency Law, because the employee's removal and allegations against him were public. Such a holding appears particularly untenable where Nearhood is not a statutorily tenured public employee and where we are presented with the directly controlling Supreme Court precedent cited above. Under these circumstances, we conclude that a sufficient basis simply does not exist for sustaining Nearhood's argument.

Finally, we specifically address Nearhood's assertion that the trial court erred in deciding *sua sponte* that the question of procedural compliance with Section 822 was for arbitration instead of judicial review. Nearhood contends that the court erred because the Council waived the right to arbitrate his claims when it failed to raise the issue of the contractual arbitration clause in its preliminary objections.

We again accept the Council's response and conclude that this remaining argument is unavailing. The Council accurately points out that the question of *compliance with* Section 822 was not raised in the appeal Nearhood filed with the trial court—the matter now before us. Such a question, the Council says, is the subject of other cases, i.e., the decision on injunctive relief recently affirmed by this Court, as well as Nearhood's arbitration action, which is in fact pending. The trial court here merely noted that Nearhood's claims could be vindicated in arbitration, pursuant to his contract; it did not decline review of the claims because they are amenable to arbitration. The Council appropriately emphasizes that this case involves Nearhood's purported appeal of an adjudication under the Local Agency Law. Nearhood stated he understood the courts generally have held that no adjudication occurs when an at-will employee is fired. It was in that context that Nearhood relied on Section 822 as showing he had a property right such that he could sustain his Local Agency Law action. We agree that the trial court properly rejected that proposition, correctly disposing

of the "appeal" of an "adjudication" given the applicable law and sufficiently ending this matter. *Short; Stumpp.*

Accordingly, we affirm the trial court's order.

### ORDER

AND NOW, this 14th day of January, 1998, the order of the Court of Common Pleas of Blair County, No. 96 EQ 4010, dated February 20, 1997, is hereby affirmed.