

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2005

# Dobson v. Northumberland

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4561

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Dobson v. Northumberland" (2005). *2005 Decisions*. Paper 417.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/417

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-4561

———

WILLIAM J. DOBSON,

Appellant

v.

NORTHUMBERLAND COUNTY; EDWARD ZACK, individually and in his Capacity
as human relations director for Northumberland County; WILLIAM STESNEY,
individually and in his capacity as Northumberland County Chief Clerk; JOHN
BOBECK, individually and in his capacity as Northumberland County Commissioner;
ROBERT GRECO, individually and in his capacity as Northumberland County
Commissioner; SAMUEL DIETRICK, individually and in his capacity as
Northumberland County Commissioner

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cv-01801)
District Judge: The Honorable Malcolm Muir

———

Submitted pursuant to Third Circuit LAR 34.1(a)
September 29, 2005

Before: RENDELL, FUENTES, and WEIS, Circuit Judges.

(Filed: October 13, 2005)

———

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

William J. Dobson appeals U.S. District Judge Malcolm Muir's Order granting Appellee Northumberland County, Pennsylvania's motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). Based on our review, we Affirm.

## I. Facts and Procedural History

Because we write only for the parties, we recount only the most essential facts. As this appeal arises from a successful motion to dismiss, we take all factual allegations and reasonable inferences as true, viewing them in a light most favorable to Appellant William J. Dobson. In re Rockefeller Ctr. Props. Secs. Litig., 311 F.3d 198, 215 (3d Cir. 2002). Dobson worked as a Workers' Compensation Specialist for Appellee Northumberland County, Pennsylvania ("Northumberland") for approximately twelve years. During that time, Dobson's work was stellar, earning him numerous awards. In June of 2003, Dobson submitted timesheets for overtime performed going back to April. These sheets indicated that Dobson had worked certain hours that in reality he had not. Dobson was paid for these hours.

Upon discovering Dobson's misrepresentation and the unearned payment made to him, co-Appellees Edward Zack, human relations director for Northumberland, and Willian Stesney, Northumberland chief clerk, met with Dobson and told him he could either resign or be terminated for accepting money he had not earned. Faced with this choice, Dobson sought to be provided with the evidence of wrongdoing being used against him and requested to meet with co-Appellees John Bobeck, Robert Greco, and

Samuel Dietrick, Northumberland's three county commissioners. These requests denied, Dobson resigned.

Dobson claims that the manner of his departure from Northumberland constituted a violation of his Constitutional right to due process. Specifically, he alleges that Northumberland's refusal to grant him a hearing or to show him the evidence against him violated his Procedural Due Process right and that his firing was an arbitrary and irrational action on the part of the state, in violation of his right to Substantive Due Process. He supports these contentions by arguing that he had a well-founded expectation of continued employment and that his employee handbook guaranteed him the right to a thorough investigation and hearing before he could be terminated. Dobson also asserts a claim under Pennsylvania law for negligent infliction of emotional distress.

In response to Dobson's Complaint, Northumberland filed a motion to dismiss pursuant to Rule 12(b)(6). Having received briefing from both sides, Judge Muir granted the motion. Dobson timely appealed.

## II. Jurisdiction and Standard of Review

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1291. Because the cased was dismissed under Rule 12(b)(6), we exercise plenary review. <u>Bradshaw v. Twp. of Middleton</u>, 2005 U.S. App. LEXIS 18622 (3d Cir. 2005).

## III. Discussion

<u>Due Process Claims</u>

To prevail as to his substantive due process claims, Dobson must establish that he

has a property interest as to which the Fourteenth Amendment's Due Process Clause protection applies. See Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 139-40 (3d Cir. 2000). State law governs whether Dobson's employment with Northumberland constituted a protected property interest. Bishop v. Wood, 426 U.S. 341, 345 (1976). Because Pennsylvania is an at-will employment state, its authorities and agencies, such as Northumberland, "do not have the power to enter into contracts of employment that contract away the right of summary dismissal since the power to confer tenure must be expressly set forth in the enabling legislation." Short v. Borough of Lawrenceville, 548 Pa. 265, 267 (Pa. 1997). Dobson does not claim to be protected by any such legislation. Because he had no protected property interest in his job with Northumberland under Pennsylvania law, Dobson's Substantive Due Process Claim fails.

Not having a protected right voids Dobson's Procedural Due Process claim as well. See Board of Regents v. Roth, 408 U.S. 564, 569-70 (1976) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). That Dobson's employee handbook claimed to give him the right to due process before being terminated does not have any legal effect: "an employee handbook or personnel manual issued by a Commonwealth agency is not a legislative action in itself and cannot be considered a contract guaranteeing a property right in employment unless the legislature has so provided." Short, 548 Pa. at 267. Dobson's employee handbook therefore did not grant

4

him any due process right, including the right to an investigation and hearing before being fired. His Procedural Due Process claim fails as well.

State Law Claim

Because Judge Muir rightly dismissed Dobson's federal law claims, it was also proper for him to dismiss the pendent state law claims without prejudice. Markowitz v. Northeast Land Co., 906 F.2d 100, 106 (3d Cir. 1990).

## IV. Conclusion

For the foregoing reasons, the judgment of the district court will be affirmed in its entirety.