658 A.2d 333

**Clarence L. STUMPP, Appellee,**

v.

**STROUDSBURG MUNICIPAL AUTHORITY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Feb. 22, 1995.

Decided May 16, 1995.

Bernard M. Billick, Stroudsburg, for Stroudsburg Mun. Authority.

Ronald J. Karasek, Bangor, for Clarence Stumpp.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The question in this appeal is whether appellee Clarence L. Stumpp, as a public employee who is neither protected by civil service regulations nor covered by any collective bargaining

agreement, has the right to notice and a hearing as a result of his dismissal. Because we find that the Commonwealth Court erred in determining that Appellee had a "property right" in his employment, we reverse.

Appellee was an employee of the Stroudsburg Municipal Authority ("Authority") as manager of its water treatment plant. On February 7, 1992, the Authority sent a letter to Appellee indicating that the Authority was unhappy with his job performance and that Appellee would no longer be able to remain serving in the capacity as Manager of the Authority. The Authority also indicated that it would hold a position for Appellee as Plant Operator, a lesser job. The letter stated, "if you wish to retain this position until you retire, please advise the Authority Board, so that we can schedule an executive session to discuss the salary." Appellee accepted the position. Notwithstanding these events, Appellee's employment was terminated on September 17, 1992.

On January 29, 1993, Appellee filed a request for review of the Authority's decision, characterizing the decision to terminate as a "local agency adjudication."[1] The Authority then filed preliminary objections to Appellee's appeal, asserting lack of subject matter jurisdiction pursuant to Pa.R.Civ.P. 1028(a)(1). The basis for the Authority's objection was that Appellee's termination was not an "adjudication" as defined by Local Agency Law, 2 Pa.C.S. § 101. According to § 101, an adjudication is defined in relevant part as:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or **property rights,** privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made....

[Emphasis added]. The Authority argued that Appellee's termination was not an adjudication because Appellee was an at-will employee and therefore had no property interest or right in continued employment with the authority. The Au-

---

1. If an adjudication under the Local Agency Law takes place, the affected individual is entitled to notice and hearing prior to termination.

thority also argued that it had no power to enter into a contract for employment, absent legislation authorizing it to do so. The trial court agreed with the Authority on both issues and dismissed Appellee's claim for lack of subject matter jurisdiction.

The Commonwealth Court reversed, finding that as a result of the February 7, 1992 letter, Appellee had an "implied" contract for employment and therefore had a protectable property right. The court also held that the Authority had the power to enter into such a contract. The Court also believed that Appellee's argument that the doctrine of "equitable estoppel" barred his termination was a question that should be considered at a termination hearing. Finally, the court determined that a termination letter sent to Appellee was in fact an "adjudication" from which Appellee could appeal, since it affected Appellee's property rights. Accordingly, the court remanded the matter back to the Court of Common Pleas so that Appellee could be afforded the proper notice and hearing related to his termination.

The Authority now contends that the Commonwealth Court erred in determining that the Authority had the power to enter into a contract for employment and in finding that Appellee had a protectable property interest in the form of a contract for employment. We agree with the Authority and reverse.

██ As an initial matter, the Authority simply does not have the power under law to enter into contracts of employment that contract away the right of summary dismissal, since the power to confer tenure must be expressly set forth in the enabling legislation. *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960); *Bolduc v. Board of Supervisors,* 152 Pa.Commw. 248, 618 A.2d 1188 (1992), *appeal denied,* 533 Pa. 662, 625 A.2d 1195 (1993). As this Court stated in *Scott:*

> Without more, an appointed public employee takes his job subject to the possibility of summary removal by the employing authority. He is essentially an employee-at-will. . . .

Tenure in public employment, in the sense of having a claim to employment which precludes dismissal on a summary basis is, where it exists, a matter of legislative grace....

[W]here the legislature has intended that tenure should attach to public employment, it has been very explicit in so stating....

402 Pa. at 151–157, 166 A.2d at 280–282. This holding has not been abrogated by either this Court or by the legislature. Appellee presents no case law that refutes the explicit holding of this case. In this regard, we find the Commonwealth Court's reliance on *Pavonarius v. City of Allentown,* 157 Pa.Commw. 116, 629 A.2d 204 (1993), for the proposition that the Authority was empowered to enter into a contract for employment with Appellee, to be incorrect. The Commonwealth Court cited the following language in *Pavonarius:* "[a]n individual employed by a local agency is an at will employee and does not enjoy a property right in her employment **unless she has a expectation of continued employment guaranteed by contract** or statute." *Stumpp v. Stroudsburg Municipal Authority,* 166 Pa.Commw. 554, 558, 646 A.2d 734, 736 (1994) (emphasis in original), citing *Pavonarius,* 157 Pa.Commw. at 121, 629 A.2d at 207. In *Pavonarius,* a wrongful termination suit was brought by a police officer whose employment was governed by *civil service regulations.* Thus, the court never even had to reach the question of whether the municipality had the power to enter into an employment contract with the terminated employee, since the employee's employment rights were conferred by statute. The above-quoted language cannot be construed to abrogate the general rule that municipalities are not permitted to enter into employment contracts absent authorizing legislation. Accordingly, there is nothing in *Pavonarius* to contradict *Scott* or the principle that municipal entities lack the authority to confer employment tenure by contract.

Although we find that *Scott* clearly rejects Appellee's position that he was entitled to a termination hearing, since we

find that no contract could have been conferred upon Appellee, we believe we are also compelled to address the Commonwealth Court's opinion that there was a contract between the Authority and Appellee in this case.

The law in Pennsylvania is abundantly clear that, as a general rule, employees are at-will, absent a contract, and may be terminated at any time, for any reason or for no reason. *See Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974); *Fawcett v. Monongahela Ry. Co.*, 391 Pa. 134, 137 A.2d 768 (1958); *Krajsa v. Keypunch, Inc.*, 424 Pa.Super. 230, 622 A.2d 355 (1993). Here, Appellee claims that the letter from the Authority constituted a contract for employment "until he retired." We find this contention to be without merit. It is basic contract law that one cannot suppose, believe, suspect, imagine or hope that an offer has been made. An offer must be intentional, definite, in its terms and communicated; otherwise, no meeting of the minds can occur. *Morosetti v. Louisiana Land and Exploration Co.*, 522 Pa. 492, 494, 564 A.2d 151, 152 (1989). In the instant case, it is very questionable whether the Authority's words could be reasonably construed to be an offer for a definite term of employment, with all the attendant rights and privileges that accompany contractual employment. Moreover, even if there was an "offer" for contractual employment which could be accepted, the requisite consideration to support the contract is missing. The law is clear that an employee must give his employer "additional" consideration other than the services for which he was hired. Additional consideration exists when an employee affords his employer a substantial benefit other than the services which the employee is hired to perform, or when the employee undergoes a substantial hardship other than the services which he is hired to perform. *Darlington v. General Elec.*, 350 Pa.Super. 183, 201, 504 A.2d 306, 315 (1986). Here, the Authority's letter of February 7, 1992, makes clear that Appellee was being fired from his position as Manager and was offered the position of Plant Operator as a substitute.

Thus, contrary to Appellee's assertion that he "gave up" something of value in accepting the demotion, Appellee's only alternative was to be unemployed.

Moreover, the Commonwealth Court's suggestion that Appellee's "detrimental reliance" on the offer of employment as a Plant Operator could provide Appellee with a protectable property interest in his employment is wholly without basis in fact or law. As noted above, Appellee did not rely to his "detriment" on any promises of the Authority; rather, he was fortunate to be offered another position with the Authority. More importantly, equitable estoppel has been affirmatively rejected by this Court as an exception to the at-will rule. In *Paul v. Lankenau Hospital*, 524 Pa. 90, 569 A.2d 346 (1990), we held that "[t]he doctrine of equitable estoppel is not an exception to the employment at will doctrine. An employee may be discharged with o[r] without cause, and our law does not prohibit firing an employee for relying on an employer's promise." *Id.* at 95, 569 A.2d at 348. Thus, the issue of whether Appellee detrimentally relied on any promises of the Authority is simply not relevant in determining whether Appellee has a protectable property interest in his employment.

Accordingly, we reverse the order of the Commonwealth Court.

ZAPPALA, J., concurs in the result.

MONTEMURO, J., is sitting by designation.