

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2005

# Elmore v. Cleary

Precedential or Non-Precedential: Precedential

Docket No. 04-1744

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Elmore v. Cleary" (2005). *2005 Decisions.* Paper 1503.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1503

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  04-1744
_____

KAREN ELMORE,
Appellant

v.

DONALD CLEARY; EUGENE TURNER;
KENNETH NAUGLE; AND
HUNTINGTON TOWNSHIP

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 03-cv-01959)
District Judge:  Hon. John E. Jones, III

_____

Submitted Under Third Circuit LAR 34.1(a)
February 14, 2005

Before:  SLOVITER, AMBRO and ALDISERT, Circuit Judges

(Filed February 16, 2005)
_____

Bruce J. Phillips
Wetzel, Caverly, Shea, Phillips & Rodgers
Wilkes-Barre, Pa.  18701

    Attorney for Appellant

Erin A. Brennan
Oliver, Price & Rhodes
Clarks Summit, Pa. 18411

    Attorney for Appellees

––––––

OPINION OF THE COURT

––––––

SLOVITER, <u>Circuit</u> <u>Judge</u>.

    Appellant Karen Elmore appeals from the final order of the United States District Court for the Middle District of Pennsylvania dismissing her complaint. The Appellees are Elmore's former supervisors and employer: Donald Cleary, Kenneth Naugle, Eugene Turner, and Huntington Township, Pennsylvania (hereinafter collectively "Appellees").

    The District Court had jurisdiction pursuant to 28 U.S.C. § § 1331, 1367; this court has jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291. Finding no error, we will affirm.

**I.**

    Beginning in August 2000, Huntington Township, Pennsylvania ("Huntington") employed Elmore as an office manager. Prior to hiring Elmore, Huntington had issued a "Personnel Policy Handbook," a document ostensibly meant to govern relations between the municipality and its employees. Among other provisions, this Handbook states that the "township shall take no disciplinary action against an employee without just cause." App. at 29. The document also delimits a protocol calling for "[p]rogressive disciplinary action" and sets

forth a grievance process.  <u>Id.</u>[1]

On March 27, 2002, Elmore was terminated from her position as office manager.  Notwithstanding the provisions of the Personnel Policy Handbook, there is no dispute that this firing was effectuated without notice or a hearing.[2]  Moreover, Elmore contends that this termination was not supported by just cause.

Thereafter, Elmore brought a three-count complaint in the United States District Court for the Middle District of Pennsylvania against the Appellees.   In Count One, Elmore asserted an action under 42 U.S.C. § 1983 and claimed that, in firing her without notice, a hearing, or just cause, the Appellees violated her due process rights.  In Counts Two and Three, Elmore asserted state law claims; these counts claimed, respectively, that the Appellees had discriminated against her on the basis of her sex in violation of the Pennsylvania Human Relations Act, <u>see</u> 43 Pa. Cons. Stat. § 951 <u>et</u> <u>seq.</u>, and that her termination amounted to a breach of contract.

The District Court granted the Appellees' motion to dismiss Count One for failure to state a claim upon which relief can be granted, holding, as a matter of law, that Elmore did not have a property interest in her job sufficient to implicate due process concerns.  <u>See</u> Fed. R. Civ. P. 12(b)(6).  Thereafter, the District Court declined to continue exercising pendant jurisdiction over Elmore's state law claims and dismissed them without prejudice to her ability to refile in state court.  <u>See</u> <u>generally</u> 28 U.S.C. § 1367(c)(3); <u>Borough of W. Mifflin v.</u>

---

[1]The Handbook, however, explicitly states that it "does not constitute a contract with any employee or group of employees." App. at 30.

[2]That being said, Cleary, Naugle, and Turner all aver that they "verbally warned Elmore about her behavior at work on numerous occasions" prior to the firing.  Br. of Appellees at 2.

3

Lancaster, 45 F.3d 780, 788-89 (3d Cir. 1995).[3]  This timely appeal followed.

## II.

We exercise plenary review over a district court's decision to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993).  We must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences from such allegations in favor of the complainant.  See Weston v. Pa., 251 F.3d 420, 425 (3d Cir. 2001); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Dismissal for failure to state a claim is appropriate only if it "appears beyond doubt that [the complainant] can prove no set of facts in support of [her] claim which would entitle [her] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## III.

The federal civil rights statute here at issue, 42 U.S.C. § 1983, "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred."  Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979).  To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury.  Sameric Corp. of De., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998).  As recounted above, Count I of Elmore's complaint averred that, in firing her without process or just cause, the Appellees violated her federal due process rights.

The Fourteenth Amendment to the United States Constitution prohibits deprivations "of life, liberty, or property,

---

[3]Elmore subsequently refiled her state claims with the Court of Common Pleas of Luzerne County, Pennsylvania; the state court has stayed the action pending resolution of this appeal.

without due process of law." U.S. Const. amend. XIV, § 1. The first step in analyzing a due process claim is to determine whether the "asserted individual interest . . . [is] encompassed within the [F]ourteenth [A]mendment's protection of life, liberty, or property." <u>Alvin v. Suzuki</u>, 227 F.3d 107, 116 (3d Cir. 2000) (internal citations and quotations omitted). Here, Elmore claims that she possessed a property interest in her job that was deserving of due process protection. <u>See, e.g.</u>, <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532 (1985); <u>Perry v. Sindermann</u>, 408 U.S. 593 (1972).

To have a property interest in a job, however, a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment. <u>Bd. of Regents of State Colls. v. Roth</u>, 408 U.S. 564, 577 (1972). The decisional law is clear that an at-will employee does not have a legitimate entitlement to continued employment because she serves solely at the pleasure of her employer. <u>Chabal v. Reagan</u>, 841 F.2d 1216, 1223 (3d Cir. 1988). Therefore, once a court determines that a public employee "held [her] position at the will and pleasure of the [governmental entity]," such a finding "necessarily establishes that [the employee] had no property interest" in the job sufficient to trigger due process concerns. <u>Bishop v. Wood</u>, 426 U.S. 341, 346 n.8 (1976) (internal quotations omitted); <u>see also</u> <u>Robertson v. Fiore</u>, 62 F.3d 596, 601 (3d Cir. 1995) (per curiam) (stating that at-will employee "lacks a protected property interest in his position within the meaning of the Fourteenth Amendment").

As an initial matter, state law determines whether such a property interest exists. <u>Brown v. Trench</u>, 787 F.2d 167, 170 (3d Cir. 1986); <u>see also</u> <u>Kelly v. Borough of Sayreville</u>, 107 F.3d 1073, 1077 (3d Cir. 1997) ("State law creates the property rights protected by the Fourteenth Amendment."). Here, under controlling Pennsylvania law, a "public employee takes his job subject to the possibility of summary removal by the employing authority. He is essentially an employee-at-will." <u>Scott v. Phila. Parking Auth.</u>, 166 A.2d 278, 280 (Pa. 1960); <u>see also</u> <u>Rank v. Twp. of Annville</u>, 641 A.2d 667, 670 (Pa. Commw. Ct. 1994); <u>Bolduc v. Bd. of Supervisors</u>, 618 A.2d 1188, 1190 (Pa.

Commw. Ct. 1992). Stated otherwise, a public employee in Pennsylvania generally serves at the pleasure of her employer and thus has no legitimate entitlement to continued employment.

Elmore, although recognizing this general rule, asserts that the provisions of the Personnel Policy Handbook mandate that she was not an at-will employee, but rather could only be fired for "just cause." In other words, Elmore asserts that the Handbook acted to override the default rule of at-will employment and provided her with a legitimate entitlement to continued employment sufficient to have created a property interest in her job.

Elmore's argument is not convincing. A local government in Pennsylvania cannot provide its employees with tenure status unless there exists express legislative authority for doing so. See Stumpp v. Stroudsburg Mun. Auth., 658 A.2d 333, 334 (Pa. 1995); Scott, 166 A.2d at 280; see also Perri v. Aytch, 724 F.2d 362, 364 (3d Cir. 1983); Rosenthal v. Rizzo, 555 F.2d 390, 392 (3d Cir. 1977). Cf. Appeal of Gagliardi, 163 A.2d 418, 419 (Pa. 1960) ("A municipality is a creature of the state and possesses only such powers of government as are expressly granted to it and as are necessary to carry the same into effect."). As the Pennsylvania Supreme Court has stated, "'[t]enure in public employment, in the sense of having a claim to employment which precludes dismissal on a summary basis is, where it exists, a matter of legislative grace.'" Stumpp, 658 A.2d at 334 (quoting Scott,166 A.2d at 281).[4]

Absent explicit enabling legislation from the Pennsylvania General Assembly, a township such as Huntington cannot employ workers on anything but an at-will basis. Cooley v. Pa. Hous. Fin. Agency, 830 F.2d 469, 471 (3d Cir. 1987),

_____

[4]Examples of "legislative grace," Stumpp, 658 A.2d at 334, whereby the Pennsylvania General Assembly has precluded the dismissal of public employees on a summary basis include the Civil Service Act, see 71 Pa. Cons. Stat. § 741.1 et seq., and the Public School Code of 1949, see 24 Pa. Cons. Stat. § 1-101 et seq.

6

called into question on other grounds, Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1215 n.12 (3rd Cir. 1991).  The parties have not cited, and this court's independent research has not revealed, a Pennsylvania statute that would permit Huntington to grant employment to individuals serving as office managers on anything other than an at-will basis.  Cf. Albrechta v. Borough of White Haven, 810 F. Supp. 139, 142-43 (M.D. Pa. 1992).  Therefore, even if Huntington fully intended its Personnel Policy Handbook to confer "just cause" employment status on its employees – a question this court need not decide – it simply had no authority to do so.  See Stumpp, 658 A.2d at 334.  It follows that Elmore had no property interest in her job sufficient to implicate the Due Process Clause.  See Cooley, 830 F.2d at 473.  For this reason, the District Court did not err in dismissing Count I of Elmore's complaint.[5]

## IV.

For the above stated reasons, we will affirm the order of the District Court.

---

[5]Elmore has not appealed the District Court's decision declining to exercise continued jurisdiction over her state law claims; thus, this court will not address that issue.  Cf. Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).