# Wilson v. County of Montgomery

C.P. of Montgomery County, no. 2007-23955.

*Stephen J. Woodside,* for plaintiff.
*Joseph J. Santarone Jr.,* for defendant.

CARPENTER, *J.*, January 18, 2011—

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff/appellant, Janice A. Wilson ("Wilson"), appeals from the October 19, 2010 order, granting summary judgment in favor of defendant/appellee, County of Montgomery ("county"), and dismissing her second amended complaint with prejudice.

Wilson was employed by the county from 1990 until her termination on August 30, 2007. Second amended complaint ¶¶6, 45-46. Beginning in March of 2000, Wilson was the administrative assistant to the support conciliators of the domestic relations section of the Montgomery County Court of Common Pleas. *Id.* at ¶12.

During her employment, Wilson worked with Bernadette Grib ("Grib"), who worked at the front desk of the Conciliators Office. Grib was under the supervision of Administrative Court Services. *Id.* at ¶17. Wilson filled in for Grib at the front desk because Grib was often late or absent from work. *Id.* at ¶14. Grib had problems in her work performance, including excessive telephone usage and attendance issues. *Id.* at ¶¶18, 20. Wilson's efforts to cover for Grib caused her work relationship with Grib to deteriorate. *Id.* at ¶21. In December of 2005, Wilson and Grib were encouraged to resolve their difficulties, but nothing was formally resolved. *Id.* at ¶24.

On August 1, 2006, Wilson and Grib were directed to attend mediation to discuss the continuing conflict between them at work. *Id.* at ¶25. At the conclusion of the mediation, Beverly Jackson, the county's EEO counselor, memorialized the mediation efforts in a memorandum to Wilson's and Grib's supervisors, Gary Kline and Carol

Dillon, respectively ("memorandum").[1] *Id.* at ¶¶25, 27.

The memorandum in part stated, "[t]hey are both aware that they have 30 days, August 1-30, 2006, to improve or there will be a termination of employment. No exceptions or excuses. This is their final notice." *Id.* at ¶28. The memorandum further stated, "I agree to the terms listed in this memo and understand that any violation or incident will result in termination of my employment." *Id.* Both Wilson and Grib signed the memorandum. *Id.*, memorandum, August 1, 2006, Exhibit "B." At the end of the thirty-day period, neither Wilson nor Grib were terminated; however the conditions did not improve. *Id.* at ¶29.

Wilson continued to perform her work in an exemplary fashion and made every effort to avoid any confrontations with Grib. *Id.* at ¶31. Wilson believed that if she did not violate the memorandum, she could not be terminated for any reason relating to the situation with Grib. *Id.* at ¶32.

On August 27, 2007, Wilson's work duties required to her interact with Grib. *Id.* at ¶¶39, 40. This interaction led to another incident between the women, which was instigated by Grib. *Id.* at ¶43. Wilson immediately reported the incident. *Id.* at ¶44.

On August 30, 2007, Wilson and Grib were called to a third floor conference room to attend a meeting. *Id.* at ¶45. At the meeting, Wilson and Grib had the opportunity to tell their sides of their story, after which their employment

---

1. Wilson refers to this memorandum, which was the product of the mediation, as either the "August 2006 Agreement" or the "Agreement."

was terminated. *Id.* at ¶¶47, 48.

The following day on August 31, 2007, the county terminated Wilson's medical benefits coverage. *Id.* at ¶49. Because her coverage was terminated, Wilson is left without any medical coverage or prescription drug coverage to treat her multiple sclerosis and cerebral meningioma, for which she has been under continuing care of medical specialists since her diagnosis in October, 2006. *Id.* at ¶50.

The second amended complaint asserted claims for breach of express contract for employment, breach of collateral contract for employment, promissory estoppel, equitable estoppel and preliminary and permanent injunctive relief.

Preliminary objections were filed to the second amended complaint, which were sustained on October 23, 2008, to the extent that the breach of collateral contract claim was dismissed with prejudice. The county filed an answer along with new matter on November 17, 2008.

On December 4, 2008 a hearing on Wilson's preliminary injunction was held before the Honorable Bernard A. Moore of this court. Injunctive relief was denied on December 8, 2008.

On February 2, 2010, the county filed a motion for summary judgment, along with a memorandum of law. Wilson filed a response to the motion for summary judgment, and a memorandum of law in support of her opposition. On October 13, 2010, oral argument was held.

After careful consideration of the briefs, the arguments, any evidence presented, together with the relevant case law, this court granted the county's motion, dismissing the second amended complaint with prejudice on October 19, 2010.

On November 19, 2010, Wilson filed this timely appeal.[2] This court directed Wilson to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). Wilson complied and filed a 1925(b) statement on December 13, 2010.

## ISSUES

I.   Whether this court properly determined that the memorandum was not an enforceable contract for Wilson's employment with the county.

II.   Whether this court did not consider Wilson's collateral contract claim.

III. Whether the county lacked the authority to enter into a contract, collateral or otherwise, exempting Wilson from an at-will status.

IV. Whether this court properly dismissed Wilson's promissory estoppel claim.

V.   Whether this court properly dismissed Wilson's equitable estoppel claim.

## DISCUSSION

2. The order granting the motion for summary judgment was issued on October 19, 2010, but was entered onto the docket on October 20, 2010, making this a timely appeal.

*Summary Judgment Standard Center*

"After the relevant pleadings are closed, but within such time as not to reasonably delay trial, any party may move for summary judgment in while or in part as a matter of law." Pa.R.C.P. 1035.2. Summary judgment may be entered where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law. *Barnett v. SKF USA, Inc.*, 4 A.3d 1057, 1059 (Pa.Super. 2009). Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. *Murphy v. Duauesne University*, 565 Pa. 571, 590, 777 A.2d 418, 429 (2001). Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. *Id.* In determining whether to grant a motion for summary judgment a trial court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Evans v. Sodexho*, 946 A.2d 733, 737-38 (Pa. Super. 2008).

I. *This court properly determined that the memorandum was not an enforceable contract for Wilson's employment with the county.*

First, Wilson contends that the memorandum was an enforceable contract for her employment with the county, excepting her from the at-will doctrine. This court disagrees because, as a matter of law, the county cannot contract away

at-will employment. In Pennsylvania, public employees are employees-at-will and subject to summary dismissal for a good reason, a bad reason or no reason at all, unless the legislature has explicitly conferred tenun as an integral part of a comprehensive governmental employment scheme. See *Stumpp v. Stroundsburg Municipal Authority*, 540 Pa. 391, 658 A.2d 333 (Pa. 1995); *Bolduc v. Board of Supervisors of Lower Paxton Township*, 618 A.2d 1188 (Pa. Cmwlth. 1992). Public employers do not have power, unless conferred by statue, to enter into an employment contract which prevents them from summarily dismissing their employees at will. *Id.*

Here, the county simply does not have the power under the law to enter into contracts of employment that contract away the right of summary dismissal. Since, as a matter of law, Wilson is an at-will employee and has produced no evidence to submit to a jury that there exists a valid enforceable employment contract, she cannot maintain an action for breach of contract. Therefore, the county was entitled to summary judgment in its favor.

## II. *This court did not consider Wilson's collateral contract claim.*

Next, Wilson asserts that this court erred in its adjudication on summary judgment, where it failed or refused to find the memorandum contained an implied for-cause termination provision covering her workplace situation with Grib, collateral to her at-will employment with the county. This court did not review this claim.

Wilson, in her second amended complaint, included a

claim for breach of collateral contract for employment. Wilson alleged in relevant part that "[u]nder the agreement, plaintiff had an implied contract with the County, collateral to her employment at-will, containing a for-cause termination provision expressly relating to her workplace relationship with Grib, and as regards Grib, plaintiff's employment was protected." Second amended complaint ¶63. Additionally, it was alleged that "[u]nder the contract, the County could not terminate plaintiff for any reason relating to Bernadette Grib, unless the County had just cause under that contract to terminate the plaintiff." *Id.* at ¶64.

These allegations, along with Wilson's entire breach of collateral contract for employment claim, were dismissed with prejudice at the preliminary objection stage, and Wilson does not presently argue that the preliminary objections were improperly sustained. Therefore, any arguments presented at summary judgment in regard to the collateral contract claim were not considered, and this collateral contract claim will not be reviewed on appeal.

### III. *The county lacked the authority to enter into a contract, collateral or otherwise, exempting Wilson from her at-will status.*

Third, appellant contends that this court erred in its adjudication on summary judgment, where it determined her implied-in-fact termination provision in the memorandum, collateral to her employment, was not an ultra vires act of the county and therefore justiciable as protected public employee.

To the extent that this issue raises a collateral contract claim, this court did not review it as Wilson's breach of collateral contract claim was dismissed on preliminary objections. However, this court notes that the county has no authority to enter into a contract for employment that would exempt Wilson from her at-will status as discussed earlier. See, *Stumpp*, supra. Therefore, even if the county had intended for the memorandum to be an employment contract, the employment contract would be void and unenforceable as an ultra vires action. *Clairton Slag, Inc. v. Department of General Services*, 2 A.3d 765, 782 (Pa. Cmwlth. 2010). Accordingly, the county was entitled to summary judgment on this claim.

### IV. *This court properly dismissed Wilson's promissory estoppel claim.*

Wilson's fourth issue on appeal claims that this court erred in dismissing her claim for promissory estoppel, where she was induced to sign an agreement, collateral to her at-will employment that was not an ultra vires act of the county, and the required elements of the claim were otherwise meant.

To the extent that this issue asserts a collateral contract claim, this court will not review it on appeal as Wilson's breach of collateral contract claim was dismissed on preliminary objections. However, Wilson raised a similar argument in her response to the motion for summary judgment which was not couched in terms of a collateral contract. Therein, Wilson argued that that the August 2006 agreement had an implied promise and covenant

regarding her employment relationship with Grib, and she was employed under a for-cause termination provision. See, memorandum of law in response to defendant's motion for summary judgment 4/15/10 p. 20. Wilson also argued that the provision of the agreement contained promises and conditions which the county could have reasonably expected to induce her to enter into the agreement and continue her employment with the county, and she was induced. *Id.* Further, Wilson asserted that in order to keep her job and live up to the agreement, she had to work under circumstances where she had to choose between honoring the agreement and not honoring her job duties, or honoring her duties and not honoring the agreement. *Id.*

Even if all of these allegations are true, this court disagrees that Wilson can obtain relief as an at-will employee under a promissory estoppel theory. In *Paul v. Lankenau Hospital*, 524 Pa. 90, 94, 569 A.2d 346, 348 (1990), our Supreme Court rejected the theory that detrimental reliance in general could be an exception to the employment at-will doctrine. The *Paul* court explained that, in Pennsylvania, "as a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship." *Id.* at 348.

The *Paul* court further explained, "exceptions to this rule have been recognized in only the most limited of circumstances, whether discharges of at-will employees would threaten clear mandates of public policy." *Id.* Applying these principles, the *Paul* court held that Pennsylvania law "does not prohibit firing an employee for

relying on an employers promise." *Id.* The *Stumpp* court, supra, citing *Paul,* supra, held, that the issue of whether an employee detrimentally relied on any promises is simply not relevant." *Stumpp,* 658 A.2d at 397. Since, as a matter of law, Wilson cannot rely on a promissory estoppel theory to overcome her at-will status, the county was entitled to summary judgment in its favor.

## V. *This court properly dismissed Wilson's equitable estoppel claim.*

Lastly, Wilson claims that this court erred in dismissed her claim for equitable estoppel where, under factual circumstances identical to the promissory estoppel claim, controlling law does not preclude the claim, and the required elements of the claim were otherwise met. This court disagrees because equitable estoppel has been affirmatively rejected by the *Paul* court as an exception to the at-will rule. The *Paul* court held that "[t]he doctrine of equitable estoppel is not an exception to the employment at-will doctrine. An employee may be discharged with or without cause, and our law does not prohibit firing an employee for relying on an employer's promise." *Paul,* 569 A.2d at 348. Accordingly, Wilson's equitable estoppel fails as a matter of law.

## CONCLUSION

Based on the forgoing analysis, the October 19, 2010 order, granting the county's motion for summary judgment, should be affirmed.