**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1375
_____

STEPHEN T. SIMCIC,
                                        Appellant

v.

PITTSBURGH WATER & SEWER AUTHORITY;
DANIEL DEASY;
SCOTT KUNKA;
PATRICK DOWD
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-00802)
District Judge:  Honorable Nora B. Fischer

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 12, 2015

Before:  McKEE, <u>Chief Judge</u>, HARDIMAN and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: March 19, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, Chief Judge

Appellant Stephen T. Simcic appeals the District Court's grant of the motion to dismiss that was filed by Appellees Pittsburgh Water and Sewer Authority, Daniel Deasy, Scott Kunka, and Patrick Dowd ("PWSA"). Simcic claims the District Court erred in holding that he did not have a legitimate entitlement to his continued employment and in failing to apply equitable estoppel. Simcic also claims an abuse of discretion for the District Court's assumption of supplemental jurisdiction and dismissal of his state law claim. For the reasons that follow, we will affirm.[1]

**I**.

Simcic claims that there was a contract assuring him of his continued employment. He is actually referring to the terms in the written Agreements between PWSA and Veolia Water Company North America—Northeast, LLC ("the PWSA/Veolia Agreements"), in which those entities expressed their intent to keep the management team, including Simcic, intact.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *McGovern v. City of Phila*, 554 F.3d 114, 115 (3d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We exercise plenary review over a district court's interpretation of state law. *Royal Ins. Co. of Am. v. KSI Trading Corp.*, 563 F.3d 68, 73 (3d Cir. 2009). Finally, we review the a district court's decision not to exercise supplemental jurisdiction for abuse of discretion. *Bright v. Westmoreland County*, 443 F.3d 276, 286 (3d Cir. 2006) (citing *DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003)).

2

Simcic challenges the dismissal on three grounds: (1) that the District Court erred in holding that he did not have a legitimate entitlement to continued employment as a third-party beneficiary to the PWSA/Veolia Agreements, (2) that the District Court erred in not finding that PWSA should be equitably estopped from contending that it had no power to enter into the PWSA/Veolia Agreements, and (3) that the District Court abused its discretion in exercising jurisdiction over and dismissing his state law claim for breach of contract.

## II.

As an initial matter, we recognize that Simcic's theories on appeal were not mentioned in Simcic's Complaint. In the Complaint, Simcic alleged that he had a contract with PWSA which was breached and that damages resulted. On appeal, however, Simcic claims that he is a third-party beneficiary to the PWSA/Veolia Agreements and that PWSA should be estopped from denying that it is owed a contractual obligation to Simcic on that basis. Neither of these contentions were alleged in Simcic's Complaint.[2] Thus, we must first consider whether these newly alleged theories can be considered on appeal.

"[A] different theory of recovery may not be urged on appeal where prejudice would result to the other party." *Universe Tankships, Inc. v. United States*, 528 F.2d 73, 76 (3d Cir. 1975). The test is "whether [the opposing party] had a fair opportunity to defend and whether it could offer any additional evidence on the different theory."

---

[2] While not referenced in the Complaint, the estoppel theory was considered by the District Court.

*Jurinko v. Edwin L. Wiegand Co.*, 477 F.2d 1038, 1045 (3d Cir. 1973), *vacated on other grounds*, 414 U.S. 970 (1973). In *Jurinko*, we considered a different theory on appeal because doing so did not prejudice the defendant. *Id.* at 1045–46. We find that no prejudice will befall PWSA either. Regardless of the legal theory advanced by Simcic, the analysis and the outcome of this case remain the same. All theories are preempted by the finding that PWSA had no power to grant a contractual right to continued employment. As we have found no prejudice to PWSA, we will allow consideration of this theory on appeal.[3]

### A.

We first examine Simcic's argument that, under 42 U.S.C. § 1983, he had a legitimate entitlement to continued employment as a third party beneficiary to the PWSA/Veolia Agreements. At the district court level, Simcic brought both a substantive due process claim and a procedural due process claim under 42 U.S.C. § 1983. Simcic appears to concede that the district court was correct in dismissing the substantive due process claim, and thus we need only consider the procedural due process claim.

42 U.S.C. § 1983 provides a remedy for the deprivation of rights guaranteed by the Constitution, including procedural due process rights arising under the Fourteenth Amendment. *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). Simcic

---

[3] We note that this case is also similar to *Jurinko* in that our decision is to affirm the judgment of the district court, supporting the conclusion that there is no prejudice to PWSA in consideration of the theory on appeal. Both the Supreme Court and this Court have found the ultimate decision to either reverse the district court decision or affirm on alternative grounds brought on by the different theory to be of relevance in determining whether to consider a different theory on appeal. *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 61 n.11 (1975) (refusing to consider a newly advanced argument "[b]ecause it would alter the judgment of the Court of Appeals . . . rather than providing an alternative grounds for affirming it"); *Universe Tankships*, 528 F.2d at 76 n.3 (finding prejudice to the opposing party and distinguishing *Jurinko* in that *Jurinko* affirmed the judgment of the district court as opposed to reversing it).

alleges that he was deprived of a property interest without procedural due process. Specifically, Simcic claims a legitimate entitlement to continued employment as a third party beneficiary to the PWSA/Veolia Agreements and because he was made promises by PWSA and was assured through public statements and oral communications that he would be returned to his Director of Finance and Business position. However, we need not address these arguments because PWSA is not authorized to enter into contracts that create an entitlement to continued employment.

As the district court correctly noted, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

"Tenure in public employment . . . is, where it exists, a matter of legislative grace." *Scott v. Phila. Parking Auth.*, 166 A.2d 278, 281 (Pa. 1960). The law is well-established that "an at-will employee does not have a legitimate entitlement to continued employment because she serves solely at the pleasure of her employer." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (citing *Chabal v. Reagan*, 841 F.2d 1216, 1223 (3d Cir. 1988)).

In its thorough and well-reasoned Memorandum Order and Opinion, the district court carefully and completely explained the law in this arena, providing that "[t]he presumption that public employees are at-will in the absence of explicit, unambiguous language in the enabling legislation retains its vitality in Pennsylvania, and informs the threshold question in due process cases—whether the Plaintiff has a protected interest in

5

continued employment?" *Simcic v. Pittsburgh Water*, No. 13-0802, 2013 WL 6058463, at \*7 (W.D. Pa. Nov. 18, 2013).

**B.**

Similarly, for the reasons explained by the district court, we need not discuss Simcic's claim of equitable estoppel. "[E]quitable estoppel has been affirmatively rejected by [the Supreme Court of Pennsylvania] as an exception to the at-will rule." *Stumpp v. Stroudsburg Mun. Auth.*, 658 A.2d 333, 336 (Pa. 1995). The district court found that Simcic's claim was thus in conflict with the Pennsylvania Supreme Court's rulings. We agree and will accordingly affirm.

Lastly, we consider Simcic's argument that the district court should not have assumed jurisdiction over the state law claim for breach of contract and accordingly should not have dismissed such claim.

Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim [ ] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). Thus, absent extraordinary circumstances, "jurisdiction [over claims based on state law] should be declined where the federal claims are no longer viable." *Shaffer v. Bd. of Sch. Dirs. of*

*Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (citing *Weaver v. Marine Bank*, 683 F.2d 744, 746 (3d Cir. 1982)).

The district court found such extraordinary circumstances present in this case. The court explained that "the federal question-due process analysis *necessarily* disposes of the state law breach of contract claim . . . ." *Simcic*, 2013 WL 6058463, at *11. "Even if the state court were to find that an employment contract existed . . . any such contract would be null and void *ab initio*, because this Court has found that [PWSA] has no power to enter into a binding employment contract that gives up its right to summarily discharge its employees." *Id.*

**III**.

In light of the above, we will affirm the District Court's decision substantially for the reasons set forth in the District Court's Memorandum and Opinion adopting the Report and Recommendation of the Magistrate Judge without further elaboration.