## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Terrick,                              :
                                              :
                    Appellant                 :
                                              :
          v.                                  : No. 151 C.D. 2018
                                              : No. 526 C.D. 2018
Munhall Sanitary Sewer Municipal              : Argued:  October 16, 2018
Authority a/k/a Munhall Borough               :
Sanitary Sewer Authority                      :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  December 18, 2018


          Michael Terrick (Terrick) appeals the orders of the Allegheny County Court of Common Pleas (trial court) dismissing his statutory appeal of the termination of his employment with the Munhall Sanitary Sewer Municipal Authority a/k/a Munhall Borough Sanitary Sewer Authority (Authority) and denying his motion to strike the Authority's praecipe for the entry of judgment (Motion).  We affirm.

          In August 2007, Terrick began working for the Authority.  On August 15, 2009, Terrick and the Authority executed an Employment Agreement (Agreement) under which Terrick would act as the Authority's Manager for six years.  Reproduced Record (R.R.) at 23a.[1]  Section 4(c) of the Agreement provides:

---

[1] Article III, Section 1 of the Authority's By-Laws states, in relevant part:

The [Authority] may terminate [Terrick] at any time for cause, after hearing by a majority vote of the Board of all the Directors for gross neglect of duty, willful misconduct with regard to the business, assets or employee of the [Authority], immorality, or either a conviction or a pleading of nolo contendere to a felony, or a crime involving fraud, misappropriation or embezzlement or any other crime involving dishonesty, moral turpitude or personal gain to [Terrick]. . . . In the event that a statement of charges is filed against [Terrick] that may result in termination of this Agreement, then at least ten (10) days prior to any scheduled hearing date [it] shall be given to [Terrick]. The Hearings shall be conducted under the [Local Agency Law, 2 Pa. C.S. §§551-555, 751-754], and the current law governing such administrative hearings.

*Id.* at 24a.

Additionally, Section 4(d) of the Agreement states:

This Agreement may be terminated by the Authority without explanation by providing a ninety-day notice prior to the end of the term of this agreement . . . of the intent not to renew this agreement. If said notice is not given then this agreement shall renew for the term of another contract period of equal duration to the existing contract.

R.R. at 24a.

---

The Board may appoint and employ or engage a General Manager, an Operation Manager, a Solicitor, an Engineer and other employees, technical experts and consultants . . . to perform such duties as the Board may from time to time deem necessary for the proper administration of the business of the Authority. All employees, except the General Manager who shall have written contracts that [] set forth the terms and conditions of employment, shall serve at the will of the Board and shall be paid such compensation as the Board may determine. The Solicitor, Engineer, or any other Technical Expert or Consultant . . . shall be independent contractors who are neither an employee nor an officer of the Authority.

R.R. at 221a.

2

On May 15, 2015, at the Authority Board's meeting, the Chairman handed Terrick an unsigned letter dated April 20, 2015, informing Terrick that the Authority did not intend to renew the Agreement, but that the Authority wanted to negotiate a new agreement for Terrick to continue as the Authority's Manager. R.R. at 192a. At the Authority Board's June 3, 2015 meeting, Terrick asked the Authority to extend the Agreement due to health issues. By letter dated June 15, 2015, the Authority's Solicitor wrote that the Board voted at the June 3, 2015 meeting to extend the Agreement through December 31, 2015; the previous Notice of Intent to renegotiate the Agreement remained in effect; and the Authority's Board intended to hold discussions relating to a new agreement after Terrick recovered from his June 11, 2015 surgery. *Id.* at 193a. A new agreement was not executed and Terrick continued to work past the December 31, 2015 extension.

By letter dated August 26, 2016, the Authority's Solicitor listed purported instances of misconduct that could warrant disciplinary action up to and including suspension or termination of Terrick's employment and directed Terrick to appear at an investigatory hearing to be held to determine possible instances of misconduct. R.R. at 116a-120a. The hearing was conducted by the Authority Board in Executive Session on September 14, 2016. *Id.* at 34a-115a. Ultimately, following the hearing, the Authority Board voted at its September 14, 2016 meeting to terminate Terrick's employment and notified Terrick of his termination by letter dated September 15, 2016. *Id.* at 22a, 195a.

On October 18, 2016, Terrick filed a three-count petition for appeal in the trial court. R.R. at 6a-21a. In Count I, Terrick asserted a statutory appeal regarding his termination, alleging that the Authority violated Section 555 of the

3

Local Agency Law[2] by failing to issue and serve on Terrick a valid written adjudication containing findings and reasons supporting the "cause" for the termination of his employment. *Id.* at 12a-13a. In Count II, Terrick alleged that his termination constituted a breach of the Agreement. *Id.* at 13a-15a. In Count III, Terrick alleged that he is entitled to unpaid wages and benefits due under the Agreement pursuant to Pennsylvania's Wage Payment and Collection Law (WPCL).[3] *Id.* at 15a-16a. Terrick demanded a jury trial with respect to Counts II and III. *Id.* at 6a, 18a.

The Authority filed preliminary objections and a motion to dismiss the appeal, asserting that Terrick was an at-will employee who could be terminated at any time for any reason and any purported employment contract was void as a matter of law. The Authority claimed that it did not have the power to execute such a contract under Section 5607(d)(8) of the Municipality Authorities Act,[4] citing *Stumpp v. Stroudsburg Municipal Authority*, 658 A.2d 333 (Pa. 1995), and *Scott v. Philadelphia Parking Authority*, 166 A.2d 278 (Pa. 1960).

---

[2] 2 Pa. C.S. §555. Section 555 states, "All adjudications of a local agency shall be in writing, shall contain findings and the reasons for the adjudication, and shall be served upon all parties or their counsel personally, or by mail." In turn, 2 Pa. C.S. §101 defines "adjudication" as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made."

[3] Act of July 14, 1961, P.L. 114, *as amended*, 43 P.S. §§260.1–260.45.

[4] 53 Pa. C.S. §5607(d)(8). Section 5607(d)(8) states, "Every authority may exercise all powers necessary or convenient for the carrying out of the purposes set forth in this section, including, but without limiting the generality of the foregoing, the following rights and powers: . . . To appoint officers, agents, employees and servants, to prescribe their duties and to fix their compensation."

4

The trial court denied the preliminary objections and motion to dismiss without prejudice to be raised at summary judgment and, on May 4, 2017, remanded the matter to the Authority to issue findings of fact and conclusions of law with respect to its vote to terminate Terrick's employment.[5] The Authority complied with the trial court's remand order, convening a hearing on June 7, 2017, and issuing an adjudication with Findings of Fact and Conclusions of Law. R.R. at 280a-306a. The Authority concluded, *inter alia*, that the Agreement was invalid and void because the Authority did not have the power to alter the at-will employment relationship, citing *Stumpp* and *Scott*. *Id.* at 302a. The Authority also concluded that even if valid, the Agreement was properly terminated on May 4, 2015, by delivery of the April 20, 2015 letter notifying Terrick of the Authority's intention of nonrenewal. *Id.* Further, the Authority found that it extended the Agreement at Terrick's request, but he became an at-will employee as of January 1, 2016, after the extension to the Agreement expired, so that his employment could be terminated without explanation at any time. *Id.* at 303a. Finally, the Authority concluded that Terrick committed willful misconduct warranting the termination of his employment in multiple instances. *Id.* at 303a-306a.

On September 8, 2017, Terrick filed exceptions to the Authority's Findings and Conclusions. R.R. at 598a-667a. Terrick argued, *inter alia*, that he did not receive the Authority's April 20, 2015 letter, and, therefore, the Agreement was extended for another six-year term pursuant to Section 4(d). *Id.* at 660a. Terrick also asserted that because the Authority provides sewage treatment, which is a

---

[5] Section 754(a) of the Local Agency Law states, in relevant part, that "[i]n the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court." 2 Pa. C.S. §754(a).

proprietary government function, it is empowered to enter into contracts for an extended period such as the Agreement. *Id.* at 659a-660a. Moreover, Terrick asserted that the Authority failed to establish "willful misconduct" by substantial evidence as required by the Agreement to terminate his employment. *Id.* at 660a-664a.

By November 2, 2017 order, the trial court scheduled a hearing and directed the parties to file briefs addressing: (1) the proper standard of review in the pending statutory appeal; (2) whether the alleged due process violations were properly and timely raised; and (3) what is meant by the term "willful misconduct" in Section 4(c) of the Agreement. R.R. at 713a. On December 13, 2017, the trial court conducted a hearing on the foregoing issues. *Id.* at 746a-774a.

On December 28, 2017, the trial court issued a Memorandum Opinion and Order ruling in the Authority's favor and dismissing Terrick's statutory appeal. R.R. at 779a-786a. The trial court made the credibility determination that the Authority timely notified Terrick of its intention not to renew the Agreement beyond December 31, 2015. *Id.* at 781a-782a. Further, the trial court determined that there is sufficient evidence of willful misconduct from the investigative disciplinary hearing to support the termination of Terrick's employment. *Id.* at 782a-784a. The trial court also agreed with the Authority's assertion that the Agreement was void as a matter of law, distinguishing Terrick's cited authority, but did not conduct an in-depth analysis because the Agreement had expired and Terrick was properly terminated. *Id.* at 784a.

The trial court rejected Terrick's due process argument regarding the Authority's failure to include in the record recordings of prior hearings that were used at the September 14, 2016 hearing. R.R. at 784a-785a. The trial court

6

explained that Terrick failed to cite case law or authority to support his claim; he did not allege that the recordings are relevant to the case; and he had the opportunity to supplement the record if he believed that it was incomplete. *Id.* at 785a.

The trial court also rejected Terrick's due process argument regarding the Authority Solicitor's participation in the investigative hearing and the preparation of its Findings of Fact and Conclusions of Law. R.R. at 785a. The trial court explained that there is no requirement that the Authority appoint an independent hearing officer and there is no evidence that the Solicitor played any role or influenced the Authority's decision in any way. *Id.* Moreover, the court stated that Terrick was not entitled to a hearing as an at-will employee and the Authority conducted the hearing out of an abundance of caution. *Id.* Terrick appealed the trial court's order, which was docketed at No. 151 C.D. 2018.[6]

On March 15, 2018, the Authority filed a Praecipe for Entry of Judgment in its favor based on the trial court's December 28, 2017 order. R.R. at 777a-788a. On March 20, 2018, Terrick filed the Motion to strike the praecipe, arguing that only Count I related to the statutory appeal and that Counts II and III, relating to his breach of contract and WPCL claims, were not dismissed by the trial court's order. *Id.* at 789a-794a. On March 26, 2018, the trial court denied Terrick's Motion. *Id.* at 797a.[7] Terrick filed an appeal from the trial court's order, docketed

---

[6] Where the Authority develops a complete record and the trial court takes no additional evidence, our scope of review is limited to determining whether the Authority's adjudication violated Terrick's constitutional rights, committed an error of law or violated the provisions of the Local Agency Law, or made findings of fact necessary to support its adjudication that are not supported by substantial evidence. *Whitacker-Reid v. Pottsgrove School District*, 160 A.3d 905, 912 n.13 (Pa. Cmwlth. 2017).

[7] In the order denying Terrick's Motion, the trial court stated:

in this Court at No. 526 C.D. 2018. The two appeals have been consolidated for disposition.

Terrick first claims that the trial court erred in concluding that the Authority did not have the power to enter into the Agreement under the Municipality Authorities Act. Terrick asserts that the Authority's sewer treatment services are proprietary in nature and that the Authority can enter into long-term contracts for such services.[8] As a result, Terrick submits that the Authority is empowered to enter into the Agreement and its provisions are enforceable. Terrick distinguishes *Stumpp* because that case did not involve an employment contract, and distinguishes *Scott* because that case involved the Philadelphia Parking Authority, not a water authority as in this case. However, Terrick's attempt to distinguish the foregoing controlling authority is unavailing.

In *Stumpp*, the appellee was employed by a municipal authority as the manager of its water treatment plant. The municipal authority sent the appellee a letter stating that it was unhappy with his job performance and that he could no

---

[Terrick's] statutory appeal was scheduled before this Court and the parties had the opportunity to present evidence on all three (3) counts. There was never an agreement or understanding with the Court to bifurcate any part of this case. This Court's December 28, 2017 Memorandum Opinion and Order of Court dealt with all issues in [Terrick's] statutory appeal to the extent the parties offered evidence or argument on such claims. [Terrick] has appealed this Court's December 28, 2017 decision to the Commonwealth Court and, pursuant to Pa. R.A.P. 1701(a), this Court may no longer proceed further in this matter.

R.R. at 797a.

[8] Judgment entered upon praecipe is final and appealable when it is entered on the docket, and it is not subject to reconsideration or any other motion to strike, open, or vacate, but has to be appealed within requisite appeal period. Pa. R.C.P. No. 227.4; Pa. R.A.P. 903(a); *Conte v. Hahnemann University Hospital*, 707 A.2d 230, 231 (Pa. Super. 1998).

8

longer serve as the manager, but that it would place him as the plant operator until his retirement. Nevertheless, the municipal authority terminated the appellee's employment and he appealed the decision as an adjudication under the Local Agency Law to the common pleas court, which dismissed due to the lack of jurisdiction.

On appeal to this Court, we reversed, finding that the municipal authority's letter offering employment constituted an implied employment contract and, therefore, the appellee had a protectable property right. We also held that the municipal authority had the power to enter into an employment contract and that the doctrine of equitable estoppel precluded his termination without a hearing. Finally, we held that the appellee's termination was an adjudication from which he could appeal because it affected his property rights. Accordingly, this Court remanded the matter back to the common pleas court so that the appellee could be afforded notice and a hearing on his termination.

On further appeal, the Supreme Court reversed, stating:

> As an initial matter, the Authority simply does not have the power under law to enter into contracts of employment that contract away the right of summary dismissal, since the power to confer tenure must be expressly set forth in the enabling legislation. [*Scott*]; *Bolduc v. Board of Supervisors*, [618 A.2d 1188 (Pa. Cmwlth. 1992)]. As this Court stated in *Scott*:

>> Without more, an appointed public employee takes his job subject to the possibility of summary removal by the employing authority. He is essentially an employee-at-will . . . .
>> Tenure in public employment, in the sense of having a claim to employment which precludes dismissal on a summary basis is, where it exists, a matter of legislative grace . . . .

9

> [W]here the legislature has intended that tenure should attach to public employment, it has been very explicit in so stating . . . .
>
> [166 A.2d at 280-282]. This holding has not been abrogated by either this Court or by the legislature. Appellee presents no case law that refutes the explicit holding of this case.

*Stumpp*, 658 A.2d at 334-35. *See also Short v. Borough of Lawrenceville*, 696 A.2d 1158, 1159 (Pa. 1997) ("A local agency employee has a personal or property right in her employment where she can establish a legitimate expectation of continued employment through either a contract or statute. Also, Commonwealth authorities and agencies do not have the power to enter into contracts of employment that contract away the right of summary dismissal since the power to confer tenure must be expressly set forth in the enabling legislation. . . . Here, no statute exists which would guarantee respondent continued employment as secretary/treasurer of the Borough. Also, the Borough's personnel manual cannot contract away the right of summary dismissal.") (citations omitted); *Scott*, 166 A.2d at 282 ("The power granted to the Authority under its enabling legislation is to *appoint* officers, employees and agents and to fix their compensation, *not* to enter into contracts of employment. Clearly, absent the contract, the Authority would have had the power to discharge the appellee summarily. If the Authority has the power to contract away this right, which under sound principles of law and public policy is fundamental to a scheme of good government, it must be set forth expressly in the enabling legislation. A studied examination of the [Authority's enabling legislation] discloses that not to be the case here.") (emphasis in original).

Likewise, in the instant case, Terrick fails to direct this Court to the provision of the Municipality Authorities Act granting the Authority the power to

10

enter into an employment contract.[9]  In the absence of such statutory authority, the instant Agreement is void and unenforceable and will not support Terrick's actions for damages based upon its purported breach.  *See Bolduc*, 618 A.2d at 1191 ("[T]he general powers granted to the Township by [The Second Class Township Code[10]] are similar to those enumerated in the enabling legislation involved in *Scott*. Accordingly, the Township acted beyond its power by entering into the employment contract with Bolduc and contracting away the right to summarily dismiss an employee.  Hence, the contract is void and unenforceable in its entirety and Bolduc may not maintain an action for damages based upon a breach of that contract.") (citation omitted).  *See also Hartman v. Baker*, 766 A.2d 347, 352 (Pa. Super. 2000) ("The WPCL 'does not create an employee's substantive right to compensation; rather, it only establishes an employee's right to enforce payment of wages and compensation to which an employee is otherwise entitled by the terms of an

---

[9] The cases upon which Terrick relies involving contracts where a municipal authority is acting in a proprietary function are inapposite because none of the cited cases directly involves an employment contract between the authority and its employee.  *See Boyle v. Municipal Authority of Westmoreland County*, 796 A.2d 389, 393 (Pa. Cmwlth. 2002) ("Having concluded that RDM is not the Authority's employee, we need not consider whether the Agreement improperly contracted away the Authority's right to summary dismissal of its employees.  A municipal authority's right to summary dismissal applies to its employees, not to independent contractors with whom the authority conducts business.  *See* [*Stumpp*]; [*Scott*]; *Mitchell v Chester Housing Authority*, [132 A.2d 873 (Pa. 1957)].").  *See also Wilson v. County of Montgomery* (Pa. Cmwlth., No. 2463 C.D. 2010, filed November 17, 2011), slip op. at 5 n.2 ("The cases upon which Wilson bases her arguments are inapplicable because they involve professionals specifically hired to perform special services pursuant to a contract, explicit employment contracts offered by private sector employers, civil service employees or collective bargaining agreements."); Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

[10] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§65101-68701.

agreement.'") (citation omitted). Because all three counts of Terrick's petition for appeal are based on the Authority's purported violation of the terms of the Agreement with respect to the termination of his employment or his right to compensation thereunder, *see* R.R. at 12a-16a, the trial court did not err in dismissing the petition and entering judgment in the Authority's favor as to all of the counts.[11]

---

[11] Further, Terrick may not seek recovery in the petition for appeal on a theory of equitable or promissory estoppel. As this Court has explained:

> [T]he Supreme Court of Pennsylvania has specifically stated:
>
>> More importantly, equitable estoppel has been affirmatively rejected by this Court as an exception to the at-will rule. In *Paul v. Lankenau Hospital*, [569 A.2d 346 (Pa. 1990)], we held that "the doctrine of equitable estoppel is not an exception to the employment at-will doctrine. An employee may be discharged with or without cause, and our law does not prohibit firing an employee for relying on an employer's promise." *Id.* at [348]. Thus, the issue of whether Appellee detrimentally relied on any promises of the [employer] is simply not relevant in determining whether Appellee has a protectable property interest in his employment.
>
> *Stumpp*, [658 A.2d at 336].
>
> In addition, in order to make a claim for promissory estoppel, Wilson would have to show the following: (1) that the County made a promise that it should have reasonably expected to induce action or forbearance on the part of Wilson; (2) Wilson actually took action or refrained from taking action in reliance on this promise; and (3) injustice could be avoided only by enforcing the County's promise. *Crouse v. Cyclops Industries*, [745 A.2d 606, 610 (Pa. 2000)]. However, our Supreme Court has definitively stated that detrimental reliance on an employer's promise is not relevant in the context of at-will employment and that firing an employee for relying upon an employer's promise is not prohibited. Such language clearly precludes a claim for promissory estoppel because an employee

12

cannot meet all of the required elements to establish a claim. In addition, "exceptions to [the at-will] rule have been recognized in only the most limited of circumstances where discharges of at-will employees would threaten clear mandates of public policy." *Paul*, [569 A.2d at 348]. Therefore, the trial court properly rejected the theory of promissory estoppel as an exception to the at-will employment rule.

*Wilson*, slip op. at 6-7. *See also Short*, 696 A.2d at 1159 ("This Court, however, has rejected equitable estoppel as an exception to the at-will employment rule. *See Stumpp*, 658 A.2d at 336.").

Finally, Terrick's claims based on due process or his right to a jury trial are also without merit, as he possessed no property rights in his employment or compensation under the Agreement. *See, e.g.*, *Commonwealth v. McMullen*, 961 A.2d 842, 845-46 (Pa. 2008) ("This Court has concluded, '[T]he right to trial by jury is not a "substantive right," but a right of procedure through which rights conferred by substantive law are enforced.' *Commonwealth v. Sorrell*, [456 A.2d 1326, 1329 (Pa. 1982)] (citations omitted). . . . Ultimately, *Sorrell* is binding precedent, and we re-affirm a right to a jury trial is a procedural right."); *Mahoney v. Philadelphia Housing Authority*, 320 A.2d 459, 461 (Pa. Cmwlth. 1974) ("[In *Perry v. Sindermann*, 408 U.S. 593 (1972), it was] alleged that the board's failure to provide him an opportunity for a hearing violated the Fourteenth Amendment's guarantee of procedural due process, the Supreme Court held that such a right only exists where a state-employed teacher has a right to reemployment under state law. In the present case, our state law, [*Scott*], provides no right in employes of public authorities to tenure or continued employment, they being employed only at will. Therefore, no right guaranteed by the Fourteenth Amendment to some form of prior hearing in the case of removal exists here because plaintiffs have no property interest, under Pennsylvania law, in continued employment.").

13

Accordingly, the trial court's orders are affirmed.[12]

                                                     _____

                                                     MICHAEL H. WOJCIK, Judge

Senior Judge Colins concurs in result only.

---

[12] "This Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis." *Commonwealth v. Williams*, 73 A.3d 609, 617, n.4 (Pa. Super. 2013) (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Terrick,                                :
                                                :
                        Appellant               :
                                                :
                v.                              :  No. 151 C.D. 2018
                                                :  No. 526 C.D. 2018
Munhall Sanitary Sewer Municipal                :
Authority a/k/a Munhall Borough                 :
Sanitary Sewer Authority                        :


# **O R D E R**


AND NOW, this 18th day of December, 2018, the orders of the Allegheny County Court of Common Pleas dated December 28, 2017, and March 26, 2018, are AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge