**James WERNER, Sr., Appellant,**

v.

**COUNTY OF NORTHAMPTON; Zachary R. Lysek, Coroner, Appellees.**

No. 08–3423.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) on Oct. 27, 2009.

Opinion Filed: Oct. 29, 2009.

Donald P. Russo, Esq., Allentown, PA, for Appellant.

Christa E. Frank, Esq., Montgomery, McCracken, Walker & Rhoads, Philadelphia, PA, David J. Macmain, Esq., Scot R. Withers, Esq., Lamb McErlane, West Chester, PA, for Appellees.

Before: SLOVITER, FUENTES, and HARDIMAN Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge:

James Werner appeals the District Court's dismissal pursuant to FED. R. CIV. P. 12(b)(6) of his claim for deprivation of a liberty interest under 42 U.S.C. § 1983 and his pendent state law cause of action for invasion of privacy. For the following reasons, we will affirm the District Court.[1]

### I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. This case presents a series of facts that, while deeply troubling, do not provide a basis for Werner's Section 1983 claim. On May 12, 2006, Plaintiff's son, James Werner Jr., either committed suicide or died as the result of an accident in the family home.[2] Defendant Zachary Lysek, the County Coroner, and his assistant were called to the scene. Photos were taken of the body. These photos ended up in the possession of the deputy coroner's son, who showed them to fellow students at his high school and posted them on his personal website, with the caption "There is no better way to kill yourself." After this incident, Lysek called Werner and apologized for the publication of the photos. Werner's attorney subsequently wrote to the county district attorney requesting an investigation. In a letter in response, the district attorney stated that the actions did not easily fit within a criminal statute.

---

1. The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

2. The facts section of Werner's brief begins by stating that "[o]n May 12, 2006, James Werner, Jr., Werner's son, committed suicide." (Appellant's Br. at 4.) However, in his Second

Amended Complaint, Werner alleged that "[t]he Plaintiff does not believe that his son committed suicide, but instead, that his son died as the result of an unfortunate accident." (Second Am. Compl. ¶ 18.) This distinction is relevant to Werner's alleged violation of his liberty interest in his reputation.

Werner then filed his Complaint, alleging violations of his liberty interest in his reputation and good name pursuant to 42 U.S.C. § 1983 and state law claims for invasion of privacy. The District Court dismissed his Amended Complaint on December 21, 2007, 2007 WL 4553702, but granted leave to further amend his pleadings. His Second Amended Complaint was dismissed by the court's July 8, 2008, 2008 WL 2700287, Order, which is the subject of this appeal.[3]

## II.

To bring a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal constitutional or statutory right by a person acting under state law. *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir.2005). Werner's alleged deprivation of his liberty interest in his reputation relies upon the "stigma-plus" test. Under this test, "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest." *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir.2006). Werner raises one issue on appeal, claiming that the District Court erred in holding that he failed to satisfy the "stigma-plus" test.

The District Court held that—assuming arguendo that Lysek was grossly negligent in not securing the photos and that this behavior constituted state action—Werner's pleading still failed to satisfy either prong of the "stigma-plus" test. The "stigma" prong requires that a plaintiff allege that the stigmatizing statement be 1) made public and 2) false. *Id.* The District Court, deeming the death scene photographs to be the relevant statement, found that Plaintiff failed to allege that

these photographs were false. A review of the Second Amended Complaint confirms this conclusion, as Werner declared that the photographs "depict or tend to depict a false situation to third parties who saw the photographs on the internet," "were misleading" and "fueled the false impression that the Plaintiff's son committed suicide." (Second Am. Compl. ¶¶ 17, 19.) Nowhere, however, does he allege the photographs were false or elaborate on how they were misleading.

According to Werner, the central thrust of his Complaint was that his son did not commit suicide and the website that depicted the photos claimed the exact opposite. This claim is rendered confusing by Werner's brief's statement of facts, which begins by stating that his son did commit suicide. Regardless of this inconsistency, a close reading of the Second Amended Complaint does not support Werner's contention that it alleged the website falsely stated that his son had committed suicide. This argument therefore does not alter our review of the District Court's analysis. Having failed to allege the falsity of the statement at issue, Werner failed to state a claim under the "stigma-plus" test and his Second Amended Complaint was properly dismissed on this basis.

The District Court also held that Plaintiff failed to satisfy the "stigma-plus" test's second prong—the deprivation of an additional right or interest. Werner failed to address this conclusion in his appeal. He does discuss in his brief the nature of privacy and parental rights, but his Second Amended Complaint does not present privacy as the "additional right or interest" necessary to satisfy the "stigma-plus" test. To the extent privacy is discussed, he defines the privacy right at issue as his and

---

**3.** We exercise plenary review over a district court's dismissal under Fed.R.Civ.P. 12(b)(6).

*Atkinson v. LaFayette College,* 460 F.3d 447, 451 (3d Cir.2006).

his family's right "to enjoy a certain status and reputation in the community." (Second Am. Compl. ¶ 50.) This is indistinguishable from the stigma or reputation harm component of his claim, and therefore not "additional." Ultimately, having upheld the court's determination that Werner did not satisfy the test's first prong, we need not reach this issue.

For the foregoing reasons, we will affirm the District Court.