NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1978
_____

LAURA LEIBERT,

Appellant

v.

PHILADELPHIA HOUSING AUTHORITY; CARL GREENE;
MALVIN REYES, individually and as corporate officials
for the Philadelphia Housing Authority

(*Amended Pursuant to Court Order Dated 11/08/2011)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cv-05412)
District Judge:  Honorable Berle M. Schiller
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2012

Before:  FISHER, CHAGARES and GARTH, *Circuit Judges*.

(Filed: March 30, 2012)
_____

OPINION OF THE COURT
_____

1

FISHER, *Circuit Judge*.

Laura Leibert ("Leibert") appeals from the District Court's dismissal of her claims under 42 U.S.C. § 1983 alleging violation of her rights under the First and Fourteenth Amendments. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In April 2005, Leibert began working for the Philadelphia Housing Authority ("PHA") as a technical aide. She worked primarily out of PHA's Broad Street office and her direct supervisor was Linda Staley ("Staley"), PHA's executive general manager. In July 2005, Leibert was introduced to Carl Greene ("Greene"), PHA's executive director. Leibert alleges that at subsequent PHA functions, Greene made several unwanted advances, which she consistently rebuffed. She alleges that Greene required her to sit with him in a secluded "VIP" area at a Christmas party, requested her phone number, and told her that she "need[ed] an older man with money and power who travels the world."

In February 2006, Leibert was promoted to project management coordinator. Her new supervisor was Malvin Reyes ("Reyes") and her new duties included managing a PHA home ownership program and assisting with home sales. Leibert encountered Greene on several more occasions, and he continued to make unwanted advances,

2

including telling her that she would soon be living closer to him, which would make it easier for them to "get together after work," and forcing her to serve as his partner in salsa dancing lessons.

In October 2007, Leibert was relocated to a PHA office in West Philadelphia. She expressed concerns to Reyes and Staley that the office was unsafe, but they told her that she would have to remain there until the two remaining homes in a nearby development were sold. Leibert alleges that in November 2007, she was coerced into joining the Pennsylvania Institute of Affordable Housing Professionals, but she refused to attend any functions because she feared that she would encounter Greene. In September 2008, Leibert was transferred back to PHA's Broad Street office. Later that month, she encountered Greene, who expressed disapproval when he learned that she was pregnant. On October 17, 2008, Leibert resigned from PHA. She characterizes her resignation as a constructive discharge.

On October 14, 2010, Leibert filed suit against PHA, Greene, Staley, and Reyes (collectively, "Appellees"), alleging, under 42 U.S.C. § 1983, violation of her rights under the First and Fourteenth Amendments.[1] On January 24, 2011, Leibert filed an amended complaint, which contained substantially the same allegations as the original complaint, but included excerpts from an Internal Investigation Report prepared by the PHA Board of Commissioners, which detailed several sexual harassment complaints

---

[1] The parties have agreed to dismiss Staley as an appellee.

against Greene made by other female PHA employees. Appellees filed motions to dismiss on February 14, 2011, and on March 14, 2011, the District Court granted the motions. Leibert filed a timely notice of appeal.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Grier v. Klem*, 591 F.3d 672, 676 (3d Cir. 2010). We apply the same test as the district court and "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm . . . only if the pleading does not plausibly suggest an entitlement to relief." *Fellner v. Tri-Union Seafoods, LLC*, 539 F.3d 237, 242 (3d Cir. 2008) (citation omitted).

## III.

Leibert first argues that the District Court erred in dismissing her First Amendment retaliation claim. We disagree. To plead a retaliation claim under the First Amendment, a plaintiff must allege: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising h[er] constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citation omitted). Leibert alleges two retaliatory acts: (1) her transfer to

4

the less desirable West Philadelphia office and (2) her supervisors' lack of responsiveness to her complaints about the safety of the office. Here, assuming Leibert engaged in protected speech, she cannot establish a causal connection between her speech and the alleged retaliatory conduct. She does not allege any facts that would support an inference that Greene was involved in the decision to transfer her to the West Philadelphia location, nor does she allege that either Reyes or Staley was aware of her prior interactions with Greene. Thus, her complaint did not permit the District Court "to infer more than the mere possibility of misconduct" and accordingly failed to state a claim under Rule 12(b)(6). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citation omitted).

Leibert next claims that the District Court erred in dismissing her Equal Protection and Due Process claims under the Fourteenth Amendment. Again, we disagree. In order to bring a successful § 1983 claim for denial of Equal Protection, a plaintiff must show that she received different treatment than other similarly situated individuals. *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005). Here, Leibert has not alleged that she was treated differently than any other PHA employees. Thus, she has failed to state a plausible claim for relief on her Equal Protection claim. To the extent that we can construe Leibert's allegations as presenting a Due Process claim, such a claim similarly fails. To state a procedural due process claim, a plaintiff must allege that she was deprived of a life, liberty, or property interest. *Alvin v. Suzuki*, 227 F.3d 107, 116

5

(3d Cir. 2000). Here, Leibert cannot establish that she had a protected property interest in her job; as an at-will employee under Pennsylvania law, she possessed no "more than a unilateral expectation of continued employment." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005). To the extent that Leibert asserts a substantive due process claim, that claim also fails inasmuch as we have noted in *Hill v. Borough of Kutztown*, 455 F.3d 225, 235 n.12 (3d Cir. 2006), that employment is not a fundamental right, and therefore cannot be claimed as the subject of a substantive due process violation.

To the extent that Leibert appeals the dismissal of her conspiracy claim under 42 U.S.C. § 1985 and her municipal liability claims, we agree with the District Court that she has failed to state plausible claims for relief. She does not allege any facts that would support the existence of a conspiracy, and she does not allege that the Appellee's actions were taken pursuant to a policy or custom of the municipality. *See Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998) (explaining that a complaint must set forth more than "conclusory allegations of concerted action"); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (explaining that a § 1983 claim against a municipality requires a plaintiff to show that the injury was caused by actions taken pursuant to "official policy").

IV.

For the foregoing reasons, we will affirm the order of the District Court.

6