NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3900
_____

SONYA R. MORTON,
                                        Appellant
v.

DEPUTY WARDEN KENNETH ARNOLD, Individually and in his official capacity;
CITY OF LANCASTER; DETECTIVE MICHAEL GERACE,
Individually and in his official capacity; LANCASTER COUNTY;
JOHN AND JANE DOES NO. 1 THROUGH 15
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 5-13-cv-01306)
District Judge: Honorable Joel H. Slomsky
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 26, 2015
_____

Before: GREENAWAY, JR., KRAUSE, and GREENBERG, *Circuit Judges*.

(Filed: July 10, 2015)

—————————

OPINION[*]

—————————

GREENAWAY, JR., *Circuit Judge*.

Sonya Morton ("Appellant" or "Morton") appeals from the District Court's dismissal of her federal civil rights claims, filed in connection with her termination as a prison guard at Lancaster County Prison ("LCP"). Appellant argues that the District Court erred in dismissing her claims because she adequately pled constitutional violations against Lancaster County, Lancaster City, (collectively, the "Municipal Defendants"), and several municipal employees. We agree with the District Court that Morton's complaint contains only conclusory allegations that fail to state a plausible claim to relief. We will affirm.[1]

## I. Factual and Procedural History

Morton was employed as a prison guard at LCP for twenty-one years. She was socially acquainted with Sonia Bair, the mother of an inmate incarcerated at LCP on suspicion of murder. Morton and Bair spoke on the phone several times regarding Bair's son and his conditions of confinement. Indeed, Morton once agreed to pass a message from Bair to her son. Unbeknownst to the two women, Bair's phone had been wiretapped by the Lancaster City Police Department as part of the criminal investigation

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331; we have jurisdiction pursuant to 28 U.S.C. § 1291.

of Bair's son. The wiretap was conducted pursuant to a lawful court order. Michael Gerace, a detective with the police department, monitored the calls. After hearing the conversations between Bair and Morton, Gerace turned the phone recordings over to Deputy Warden Arnold, Morton's immediate supervisor at LCP.

Pursuant to LCP's employee rules, all guards must disclose personal relationships with inmates and cannot receive telephone calls from a member of an inmate's family. LCP's employee code of ethics also prohibits employees from becoming involved in the lives of inmates and their families. After receiving the recorded conversations between Bair and Morton, Arnold suspended Morton with pay. Following a hearing, Lancaster County fired Morton for breach of the aforementioned policies.

Plaintiff filed a complaint in District Court against Gerace, Arnold, Lancaster County, and Lancaster City, alleging a number of constitutional violations and a violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 PA. CONS. STAT. ANN. § 5701 et seq. The District Court dismissed Morton's federal claims for failure to state a claim and declined to exercise pendant jurisdiction over Morton's state law claim.[2]

## II.    Standard of Review

We exercise plenary review of an order granting a motion to dismiss under Rule 12(b)(6) and apply the same standard as the District Court. *Santomenno v. John Hancock Life Ins. Co.*, 677 F.3d 178, 182 (3d Cir. 2012) (citing *Anspach v. City of Phila.*, 503 F.3d

---

[2] The District Court remanded the state law claim to the Court of Common Pleas of Lancaster County, Pennsylvania.

256, 260 (3d Cir. 2007)).  A complaint may be dismissed for "failure to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal is appropriate

where the plaintiff has not alleged "sufficient factual matter, accepted as true, 'to state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Under this standard, we

conduct a two-part analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir.

2009) (citing *Iqbal*, 556 U.S. at 677-78).  First, we separate the factual and legal elements

of a claim, accepting all well-pleaded facts as true, but disregarding any legal

conclusions.  *Id.*  Second, we determine "whether the facts alleged in the complaint are

sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* (quoting *Iqbal*,

556 U.S. at 679).

### III.    Analysis

A.    Claims against the Municipal Defendants

Morton asserts five claims against the Municipal Defendants under 42 U.S.C.

§ 1983.[3]  Municipalities may only be held liable under § 1983 if the plaintiff proves the

existence of an unconstitutional policy or custom that caused her injury.  *Brown v. City of*

*Pittsburgh*, 586 F.3d 263, 292 (3d Cir. 2009) (citing *Monell v. Dep't of Soc. Servs.*, 436

---

[3] Morton alleges that the Municipal Defendants violated her right to privacy as protected by the Fourteenth Amendment (Counts IV and VII), her right to be free from unlawful searches pursuant to the Fourth Amendment (Counts III and VI), and her procedural due process rights under the Fourteenth Amendment (Count V).  Morton also alleges a claim of racial discrimination under 42 U.S.C. § 1981 against the Municipal Defendants, discussed *infra* Sec. III. A. 3.

U.S. 658, 694 (1978)).  Morton has not adequately pled the existence of a municipal

policy or custom that caused her injuries; thus, these claims were properly dismissed.

   1.   *Fourth Amendment and Fourteenth Amendment Right to Privacy (Counts III, IV, VI, & VII)*

Morton alleges that the Municipal Defendants violated her Fourth Amendment

right against unlawful search and seizure and her Fourteenth Amendment right to privacy

when: (1) Lancaster City unlawfully obtained a recording of her private conversations

and unlawfully disclosed the recording to Lancaster County, and (2) Lancaster County

unlawfully accepted and knowingly used the unlawfully obtained information to fire her.

Neither of these allegations, however, establishes the existence of an unconstitutional

municipal policy.  In fact, Morton fails to articulate in her complaint what the alleged

unconstitutional policy is, stating only that the Municipal Defendants "maintained an

unconstitutional custom or policy which caused [Morton] to be discharged as a

consequence of unlawful use of information obtained as a result of a wiretap."  App. 46a-

49a.

On appeal, Morton argues that the fact that prison officials used the wiretap

evidence to terminate Morton "in and of itself . . . shows on the face of the [complaint]

that there was a policy or practice that permitted this type of evidence to be used

unconstitutionally."  Appellant's Br. 24.  Morton thus asks us to infer that because

municipal employees (allegedly) violated her constitutional rights, such violations were

necessarily the product of a municipal policy or custom.  This is an attempt to hold the

Municipal Defendants liable solely based on the actions of their employees as prohibited

5

by *Monell*. 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor . . . ."). Aside from these conclusory allegations, Morton has failed to plead any specific factual allegations supporting the existence of an unconstitutional municipal policy, and has thus failed to state a claim against the Municipal Defendants under § 1983.[4]

2. *Fourteenth Amendment Procedural Due Process Rights (Count V)*

Morton further alleges under § 1983 that Lancaster County (and Defendant Gerace) violated her procedural due process rights under the Fourteenth Amendment when they terminated her employment. Morton, however, has not plausibly alleged that "(1) [s]he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property," or "(2) the procedures

---

[4] These claims were properly dismissed solely for Morton's failure to plead the existence of a municipal policy. We note, however, that Morton also failed to plead violations of her Fourth Amendment right against unreasonable searches and her Fourteenth Amendment right to privacy. Respecting the Fourth Amendment, Morton acknowledges in her complaint that Bair's phone was wiretapped pursuant to a court order, and she does not allege that the warrant was unlawfully procured. Thus, Morton has not pled any facts suggesting that the wiretap was an unreasonable search that violated the Fourth Amendment. *Cf. United States v. Harrison*, 689 F.3d 301, 306 (3d Cir. 2012) ("'[S]earches conducted outside the judicial process, without prior approval by [a] judge or magistrate, are *per se* unreasonable under the Fourth Amendment . . . .'" (quoting *California v. Acevedo*, 500 U.S. 565, 580 (1991))). Finally, Morton's conversations with Bair regarding Bair's son do not fall within the privacy protection of the Fourteenth Amendment. The Fourteenth Amendment right to privacy protects only: (1) certain intimate personal information, and (2) the interest in making certain kinds of important personal decisions independently. *See Malleus v. George*, 641 F.3d 560, 564-65 (3d Cir. 2011). Because Morton has failed to allege the disclosure of highly personal information or violation of her right to autonomy in decision-making, Morton has failed to plead a violation of her Fourteenth Amendment right to privacy.

6

available to [her] did not provide due process of law." *Iles v. de Jongh*, 638 F.3d 169, 173 (3d Cir. 2011) (quoting *Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 574 F.3d 214, 219 (3d Cir. 2009)).  First, Morton has not demonstrated that she has a protected interest in her job.  She has not alleged any facts that would overcome the presumption of at-will employment and thus has failed to plead adequately a protected property interest in her job sufficient to trigger due process concerns.  *See Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (noting that under Pennsylvania law a public employee generally has no legitimate entitlement to continued employment).  Second, contrary to Morton's allegations, the factual assertions in her complaint actually demonstrate that Morton received a post-suspension hearing before a disciplinary board less than one month after she was suspended, evidencing a municipal policy of conducting pre-termination hearings and safeguarding employee due process rights.  Indeed, Morton makes no specific allegations—aside from timeliness—regarding how her post-suspension hearing failed to comport with due process.  Morton has thus failed to establish a constitutional injury as well as the existence of a municipal policy or custom that caused such injury. Accordingly, this claim was properly dismissed.

###   3.    *Racial Discrimination (Count X)*

Morton also alleges a claim of race discrimination against Lancaster County under 42 U.S.C. § 1981.  In order to establish a claim under § 1981, a plaintiff must show, inter alia, that she suffered an adverse employment action under circumstances that could give

rise to an inference of discrimination.[5]  Morton, however, has failed to "put forth allegations that raise a reasonable expectation that discovery will reveal evidence" of racial discrimination.[6]  *Fowler*, 578 F.3d at 213 (internal quotation marks omitted).

Morton alleges that "at all times relevant . . . [she] was discriminated against by Defendants because she is African-American and treated differently than her white colleagues."  App. 51a.  In support of this allegation, Morton avers solely that she "is the only black female supervisor."  App. 43a.  Aside from these statements, none of Morton's averments contain facts supporting an inference that Morton was terminated on the basis of race, and the complaint never intimates why Morton believes that race motivated the County's actions.  Further, Morton does not dispute that she participated in the

---

[5] "[T]he substantive elements of a claim under section 1981 are generally identical to the elements of an employment discrimination claim under Title VII." *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181-82 (3d Cir. 2009).  A plaintiff may state a claim for discrimination under the pretext theory set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Makky v. Chertoff*, 541 F.3d 205, 213 (3d Cir. 2008).  Under *McDonnell Douglas*, a plaintiff must "establish a prima facie case of discrimination by showing that: (1) s/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of discrimination." *Id*. at 214 (citing *McDonnell Douglas*, 411 U.S. at 802).  These factors are conjunctive, and failure to establish any of these elements is fatal to a § 1981 claim.

[6] Morton argues, under *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), that a plaintiff "need not comply with all elements of *McDonnell Douglas* to survive a motion to dismiss." Appellant's Br. 28.  Morton's reliance on *Swierkiewicz*, however, is misplaced.  We have expressly concluded that *Swierkiewicz,* "insofar as it concerns pleading requirements," was repudiated by both *Twombly* and *Iqbal*. *Fowler*, 578 F.3d at 211.  Thus, while Morton is not required to *prove* a prima facie case at the motion to dismiss stage, she is required to meet the heightened pleading requirements of *Twombly* and "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Id.* at 213 (internal quotation marks omitted).

8

conversations with Bair and agreed to pass a message on to Bair's son, and she does not allege that such conversations were permissible under prison policy. Neither does she allege that she ever disclosed her relationship with Bair to prison authorities, as required by prison policies. Under these circumstances, Morton has failed to raise a plausible right to relief under § 1981, and the claim was properly dismissed.[7]

B.      Claims against the Individual Defendants

*1.      Conspiracy and Neglect to Prevent Conspiracy (Counts VIII & IX)*

Morton alleges that Defendants Arnold and Gerace[8] conspired to violate her constitutional rights in violation of 42 U.S.C. § 1985 (Count VIII) and neglected to prevent a conspiracy to do the same in violation of 42 U.S.C. § 1986 (Count IX). [9]

---

[7] Though we agree with the District Court's ultimate conclusion that Morton has failed to state a claim for relief under § 1981, we conclude—contrary to the District Court—that Morton did not plead facts that could establish a prima facie case of discrimination for the reasons discussed above. Thus, we end our analysis here and do not consider whether Defendants articulated a legitimate, non-discriminatory reason for Morton's termination. *Cf. Makky*, 541 F.3d at 214 ("If a plaintiff establishes a prima facie case of discrimination, then . . . the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action." (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993))).

[8] Morton also alleges in Count V that Defendant Arnold, together with Lancaster County, violated her Fourteenth Amendment right to procedural due process. Count V was properly dismissed for reasons already discussed *supra* Sec. III. A. 2.

[9] Morton originally pled five claims against Defendants Gerace and Arnold. The District Court dismissed all five claims, but Morton does not challenge the dismissal of Counts I and II in her opening brief. Accordingly, any argument that those claims should not have been dismissed is waived. *See United States v. Albertson*, 645 F.3d 191, 195 (3d Cir. 2011) (citing *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005)).

9

Because Horton has not adequately pled the existence of a conspiracy, the District Court properly dismissed both counts.

To succeed on a claim for conspiracy under § 1985(3), a plaintiff must establish a "'meeting of the minds'" between two or more conspirators to deprive plaintiff equal protection of the law. *Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). Morton alleges that "at all times relevant herein, there was a conspiracy between Gerace and Arnold to violate Plaintiff's constitutional rights in an effort to terminate her employment" and that "Gerace's unlawful disclosure of the wiretap contents and Arnold's subsequent termination of Plaintiff were acts committed in furtherance of the conspiracy." App. 50a. Morton, however, has not alleged any specific facts supporting the inference that Gerace and Arnold "had an understanding or agreement to conspire against [Morton]." *See Startzell*, 533 F.3d at 205. She does not aver that Arnold was involved in authorizing the wiretap nor that Gerace was involved in the decision-making that led to Morton's termination; she avers only that the wiretap ultimately resulted in her termination. Thus, Morton has failed to state a plausible claim for relief under § 1985(3) and necessarily a claim under § 1986 for neglecting to prevent a § 1985 conspiracy.

## IV.    Conclusion

For the foregoing reasons, we will affirm the order of the District Court.

10